Plummer v. Schlatre.

They result from the violation of a prohibitory law. Civil Code of 1808, p. 4, art. 12; p. 68, art. 51; p. 70, art. 59.

*Judgment affirmed.*

---

JOSEPH R. PLUMMER *v.* JOSEPH SCHLATRE.

Article 43 of the Code of Practice which provides if the farmer or lessee of real estate be sued in any action, involving the title to real property, or any immoveable right to such property, " that he shall declare to the plaintiff the name and residence of his lessor, who shall be made a party to the suit, if he reside in the State, or is represented therein, and must defend it in the place of the tenant, who shall be discharged," applies *only* where the lessor or owner of the property sued for resides in the State, or, being absent, is represented therein ; if the lessor reside out of the State, and is not represented therein, the lessee must defend the suit in his absence.

APPEAL from the District Court of Iberville, *Deblieux,* J.

*Labauve,* for the plaintiff. No counsel appeared for the appellant.

SIMON, J. The plaintiff alleges that he is the legal owner of a female slave, and her issue ; that the slave was stolen from him, about four years ago, and brought into the State of Louisiana ; and that she is in the illegal possession and detention of the defendant. He prays that a writ of sequestration may be issued ; that the slave and her issue may be decreed to be his lawful property ; and that the defendant be condemned to pay him the sum of five hundred dollars, as damages for the illegal detention, labor, and use of said slave.

A judgment by default having been regularly taken against the defendant, was set aside by the filing of the defendant's answer, in which he states that he became the legal and peaceable possessor of the negro girl sued for, but that he is not, and never was, the owner thereof; that George W. Wilkinson, of the State of Arkansas, is the true and lawful owner of the slave ; and that he, the respondent, holds her as the property of Wilkinson, and has her in trust for him. He further avers that Wilkinson is an absentee, and is bound to defend the respondent in the peaceable possession of the property ; and that it is necessary that an attor-

ney should be appointed to represent him in the defence of this suit. He prays for leave to call Wilkinson in warranty, that an attorney be appointed to represent him, and should a judgment be rendered against the defendant for any damages or costs, that the same judgment be rendered in his favor against Wilkinson, &c.

The plaintiff excepted to Wilkinson's being called in warranty, and moved that the defendant's prayer to that effect be rejected, on the ground that the defendant does not show himself entitled to such call in warranty by legal and proper evidence ; · and that a call in warranty cannot be made after a judgment by default. These exceptions having been sustained by the court a qua, the cause was immediately tried on its merits, and, judgment having been rendered in favor of the plaintiff for the slave sued for and the costs of the suit, the defendant, after having vainly attempted to obtain a new trial, took the present appeal.

The only question which this case presents, results from the plaintiff's exception to the defendant's attempt to call in warranty the person whom he declares to be the owner of the slave sued for. He does not show, in his answer, how, nor under what precarious title the slave was put in his possession, nor does he inform the court whether he holds the slave as the lessee, or as the agent of the owner ; but simply states that he holds her in trust for him. This is, undoubtedly, insufficient ; and were we ready to say that the lessee of a slave comes under the provisions of article 2674 of the Civil Code, and article 43 of the Code of Practice, (a question which appears to us very doubtful, and on which we abstain from expressing any opinion,) and is entitled to be dismissed from the suit, if he wishes it, by naming the person under whose right he possesses ; the looseness of the defendant's allegations, unsupported by his oath, or by any other evidence, would, in our opinion, deprive him of the right of calling the owner in warranty.

It seems to us, also, that the provisions of article 43 of the Code of Practice, only apply to cases in which the lessor or owner of the property sued for, resides in the State, or, being absent, is represented therein. Here, the defendant only shows that the owner resides out of the State, and does not indicate the name of·

the person, if any exist, by whom he may be represented. We understand the terms of the law to mean that, if the lessor reside in the State or be represented therein, he shall be made a party to the suit; which implies that, if such lessor reside out of the State, and be not represented therein, the lessee shall take upon himself to defend the suit in the absence of the owner of the property. We think that the plaintiff's exceptions were properly sustained.

On the merits, the judgment appealed from appears to us to be correct, as the evidence adduced by the plaintiff fully sustains his claim to the property sued for by him. The identity of the slave is admitted in the defendant's answer.

*Judgment affirmed.*