The opinion of the Court (absente Parsons, C. J.) was delivered to the following effect, by
Sedgwick, J.
The question whether Mr. Seaver, who has been summoned as the trustee of Brewer, the principal defendant, shall be adjudged such, depends on the construction of the statute of 1794, c. 65.
By the preamble it appears, that the remedy, intended by the statute, was to enable creditors to obtain satisfaction of their debts out of the “ goods, effects, and credits ” of their debtors, “ intrusted and deposited ” in other hands, so that they could not be attached by the ordinary process of law. And the act provides that the goods, effects, and credits, so intrusted and deposited, may be attached, in whose hands soever they may be “ so intrusted and deposited.” And to show more clearly, if it were necessary, that the intrusting and depositing the goods, &c. in the hands of a stranger, so as to render them attachable by a creditor, must be by the debtor himself, the form of process prescribed by the act has these expressions, viz. “And whereas the said E. F. saith, that the said A. B. has not in his own hands and possession goods and *220 estate, to the value of-dollars aforesaid, which can [*261 ] be come at * to be attached, but has intrusted to and deposited in the hands and possession of I. K., trustee of the said A. B., goods, effects, and credits to the said value,” &c.
From hence it clearly appears, that the goods attachable by tint process, must have been previously intrusted to, and deposited in the hands of the trustee by the debtor. And we are all of opinion, that in no case can such goods be so attached, unless the defendant, should they be with hoi den by the trustee contrary to the agreement between them, might maintain an action for them, unless he be prevented by something fraudulent in the agreement.
The consequence of this opinion is, that a public officer, who has money in his hands to satisfy a demand, which one has upon him merely as a public officer, cannot for that cause be adjudged his trustee. A contrary decision would be mischievous, as will appear from this single consideration — that it would suspend, during the pendency of an action, a possibility of settling the accounts of the officer, who should be summoned as the trustee; and it may be added, that it would unreasonably compel him to attend courts in every county in the commonwealth, to answer interrogatories.

Trustee discharged.