WAITE & *al. vs.* OSBORNE & *trustee.*

An administrator is not chargeable as trustee, in a process of foreign attachment brought to recover a debt due from a creditor of the intestate, though the effects in the administrator's hands be the proceeds of a sale of the real estate, by consent of heirs, but *without license from the Judge of Probate.*

THE only question in this case was, whether *Joseph Fowler,* summoned as trustee, was chargeable or not.

He stated in his disclosure, that he was *administrator* of the estate of *Clement Fowler.* That the intestate, at the time of his

death, was indebted to the principal defendant in about the sum of fifty dollars. That the estate consisted of a house and land

| | |
|---|---:|
| valued at - . - - - | $1000 |
| and household furniture, - | - · 63 |
| | $1063 |

That the widow's dower in the estate had been assigned by the Judge of Probate, and that by agreement of the heirs, the personal property had also been given to her.

That the real estate, by consent of the heirs had been sold by him, without license therefor from the Judge of Probate ; and with the proceeds of the sale the debts had all been paid, except that due to the prsncipal defendant. That for the payment of this, he had appropriated the balance in his hands, but had not yet actually paid it.

MELLEN C. J. delivered the opinion of the Court.

In the case of *Brooks* v. *Cook*, and *Barrett* as trustee, 8 *Mass.* 276, the *general principle* was decided, that "no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be holden by process of this kind." *Barrett*, having no property in his hands belonging to *Cook*, except as administrator of *Peter Barrett*, was discharged. Though in that case the estate of the intestate was insolvent, yet the Court in their opinion, do not allude to that circumstance as in any manner affecting the general principle. The plaintiff's counsel contends, that the case before us does not fall within that principle, because, he says, that the trustee holds the money in his hands as an individual in his *private capacity* and not as *administrator*. It is said he holds the money wrongfully — that he sold the *real estate* without license from Court ; but he acted, in so doing, with the consent of the heirs of the intestate, and with the proceeds of the sale he has paid all the debts of the deceased, except the demand of the principal defendant ; and all the *personal* estate left, was also delivered to the widow, by the consent of the heirs. What wrong has been done to any one who has any right to complain ? The estate, when left, was abundantly solvent, and the defendant is the only creditor. · The money in question came

into the hands of *Fowler*, by act of law, and not by any agency or consent on the part of the principal debtor : no property has been " entrusted" and " deposited" by the principal, in the hands and possession of *Fowler*. This was used as a strong argument by the Court, in the case of *Cheely & al.* v. *Brewer and trustee,* 7 *Mass*. 259, against charging the trustee, and he was discharged. The money in his hands he held as county treasurer. The case of *Wilder* v. *Bailey and trustee*, 3 *Mass*. 289, was an action in which it was attempted to charge the trustee for moneys in his hands, collected by him as deputy sheriff. In the circumstances of that case he was also discharged. The reason of the law, as laid down in the case of *Brooks* v. *Cook and trustee*, is, that it is the duty of an administrator to account with the Judge of Probate for all the property in his possession belonging to the estate ; his bond is given to secure all concerned against losses occasioned by his negligence and unfaithfulness in his office. To sustain such actions as these, will tend to delay the settlement of estates, and interrupt the proceedings in the Probate Office. If any of the conduct of the administrator in this case, has been irregular, he stands responsible on his bond. Every thing he has done, he professedly did as administrator, and with the express consent of the heirs. His appropriation of moneys in his hands to pay the defendant's demand, cannot make any difference ; it was merely an intention on his part never executed. We cannot perceive any circumstances in this case, of such a nature as to relieve it from the operation of the general principle established in the case of *Brooks* v. *Cook and trustee,* and several other preceding cases ; and accordingly *Fowler* cannot be adjudged trustee.

*Trustee discharged.*

*Greenleaf*, for the plaintiff.
*Fessenden* and *Deblois*, for the trustee.