## DANIEL W. KIMBALL *versus* JOSEPH WOODMAN & DANIEL APPLETON, *Trustee.*

Before revised St. c. 119, § 43, administrators could not be held as trustees of
a creditor of the intestate in any case whatever.

EXCEPTIONS from the District Court.

From the disclosure of the said Appleton, it appeared that
in 1839, he was appointed by the judge of probate for the
county of York, administrator on the estate of Jonathan Babb,
late of Buxton, in said county, deceased — that he took upon
himself that trust and gave bond according to law — that said
Babb's estate was by him represented insolvent, and that a
commission of insolvency issued thereon, — that the creditors
of said Babb proved their claims before said commissioners, and
that the final report of said commissioners was made to the judge
of probate aforesaid about July, 1840—that said Joseph Wood-
man was a creditor of said Babb, and proved his claim before
said commissioners — that on the first Monday of Sept. 1840,
said judge of probate passed a decree of distribution, and or-
dered the said Appleton, as administrator aforesaid, to pay over
to the several creditors of said Babb's estate, the amount of
their respective claims, being about eighty per cent. of the
amount — that there was due said Woodman as a dividend
upon his claim, the sum of forty-two dollars, forty-seven cents,
which sum the supposed trustee was ordered to pay over to the
said Woodman — that Horatio Woodman, son of said Joseph

Woodman, who presented the claim of said Joseph before said commissioners, and proved the same, had written to the said supposed trustee, and by letter directed him to pay the amount of the dividend to Samuel Bradley, Esq. — but that before he had done so, the said trustee process was served upon him, and that he did not feel authorized to pay the money agreeably to the directions of the letter of said Horatio, as it was not accompanied with an order from said Joseph Woodman.

Upon this disclosure, *Whitman J.,* who presided, adjudged that the said Appleton was not the trustee of the defendant, and thereupon ordered his discharge, to which judgment and order the plaintiff excepted.

*Fairfield & W. P. Haines,* in support of the exceptions, contended, that the cases which had been decided, upon the matter here presented, differed essentially from the present, in this, that after a regular accounting in the probate office, there had here been a *decree* for the *payment* of money, leaving nothing but *payment* to be made. An administrator on an insolvent estate after a regular accounting in the probate court and a decree of distribution by the Judge, and demand by the creditor, may be holden as the trustee of the creditor. *Adams* v. *Barrett,* 2 N. H. R. 374. The New Hampshire statute is, " that when any person shall have in his possession money, goods, chattels, rights, or credits, such person shall be deemed to be the trustee of such debtor"—this differing in no material point from the statute of this State. " Credits" is confined to debts due from the principal to the trustee. *Lupton* v. *Cutter,* 8 Pick. 303. The decree of payment in this case makes Appleton the debtor of Woodman, as is decided in *Adams* v. *Barrett.* The remedy provided by statute in case of non-payment by the administrator, is merely *cumulative,* and an action may be maintained against him personally as well as on the bond. *Storer* v. *Storer,* 6 Mass. R. 390. The court of probate has expended its power making the decree, and the rights acquired thereby must be pursued in the common law courts. Whichever course be pursued, the administrator is liable *de bonis propriis.* As bearing an analogy to

the case at bar, they referred the Court to *Jones* v. *Gorham*, 2 Mass. R. 375; *Decoster* v. *Livermore*, 4 Mass. R. 101; *Swett* v. *Brown*, 5 Pick. 178; *Wilder* v. *Bailey*, 3 Mass. R. 293; *Staples* v. *Staples*, 4 Greenl. 532.

*N. D. Appleton*, for the trustee, argued, that this money was not goods, effects, or credits, entrusted and deposited in his hands, within the meaning of the statute. The administrator was not liable to pay till after a demand, and no legal demand had been made before the service of the writ on him. There was no debt due from him to the debtor — and if no debt, there was no credit — for the terms are correlative.

2. A person deriving his authority from the law, and obliged to execute it according to the rules of the law, cannot be held by this process. The argument from inconvenience is very strong. It would subject an administrator to delay and embarrassment in the settlement of his accounts. There is no certainty that any thing is due the plaintiff — and if this process be allowed, the administrator will be unable to close his administration. *Wilder* v. *Bailey*, 3 Mass. R. 289; *Pollard* v. *Ross*, 5 Mass. R. 319; *Chealy* v. *Brewer*, 7 Mass. R. 259; *Barnes* v. *Treat*, 7 Mass. R. 271; *Brooks* v. *Cook*, 8 Mass. R. 246; *Wentworth* v. *Whittemore*, 1 Mass. R. 471; *Wheeler* v. *Bowen*, 20 Pick. 563; *Waite* v. *Osborne*, 2 Fairf. 185.

*S. Bradley*, on the same side, in reply to the argument that the trustee had settled his final account, and had nothing to do but to pay over the dividend according to the decree of the judge of probate, cited St. 1840, c. 21, § 2, which provides that whenever the report of commissioners of insolvency has been made to the judge of probate, and he shall have ordered distribution thereon, it shall be discretionary with him, at any time before distribution shall have taken place, upon application of any creditor of the estate, on account of any error or mistake in the report of said commissioners, to *suspend* said notice of distribution, and recommit said report, in order to correct such error or mistake — and it would be unsafe to charge the trustee, in this case, for the report of the commissioners might be recommitted, and the claims allowed greatly increased by

correcting errors, and thus the trustee be compelled to incur the risk of paying more than he had in his hands belonging to the principal — as the amount of the dividend, on a new decree of distribution, might be diminished.

The opinion of the Court was delivered by

SHEPLEY J. — It had been decided, while this State was a part of Massachusetts, " that the goods attachable by this process must have been previously entrusted to, and deposited in the hands of the trustee by the debtor." *Chealy* v. *Brewer,* 7 Mass. R. 259. And that " no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be holden by process of this kind." *Brooks* v. *Cook,* 8 Mass. R. 246. That part of the act of this State now under consideration was a transcript from the one then existing in Massachusetts, and the construction, which had there prevailed, was received here as a part of our law in the case of *Waite* v. *Osborne,* 2 Fairf. 185. The act and form of process in New Hampshire differ from it materially in language; and the case of *Adams* v. *Bartlett,* 2 N. H. R. 374, cannot therefore form a precedent here. The revised statutes c. 119, § 43, have subjected executors and administrators to the operation of this process here.

*Exceptions overruled.*