HENRY GASSETT & others *vs.* HENRY T. GROUT & Trustee.

When a wife's distributive share of her father's estate is in the hands of her former guardian, an assignment thereof by the husband, in trust for her separate use during her life, and for the use of her children after her decease, is not fraudulent as to his creditors, and they cannot reach such assigned property by the trustee process.

A guardian cannot be charged, by the trustee process, for the debts of his ward.

THE question in this case arose on the answer of Rejoice Newton, who was summoned as trustee of Grout, the principal defendant. It appeared from said answer, that one Kimball, the father of Catharine, the wife of the principal defendant, died in 1819, and that Joshua Harrington was appointed her guardian ; she being then a minor : That upon a settlement of said guardian's account, in the probate court, after said Catharine was of age and married, he was ordered by said court to pay over to her the amount of her distributive share in her father's estate, for which said guardian was then responsible.

The answer set forth an indenture, made on the 30th of May 1837, by and between the said Grout, and Catharine, his wife, and the said Newton, whereby said Grout and wife transferred and assigned to said Newton a sum of money, which was then due to her from said Harrington, her late guardian, as ascertained by a decree of the probate court ; which sum said Newton was to collect and receive " from any person or persons responsible for the same," and to hold the same in trust, and to vest

the same in some safe and productive stocks, or upon other safe security, and receive and pay over the income thereof to said Catharine, during her coverture, &c. as hereinafter stated in the opinion of the court.

The answer of said Newton further set forth, that on the 1st of November 1838, he settled the aforesaid decree of the probate court with S. Wood, one of the sureties of said Harrington, as guardian as aforesaid, and received of him, in full discharge and payment of said decree, $639·90, in money, and a promissory note, payable to said Newton, for $2000, with interest. On the same day, said Newton paid said $639·90 *to* said Grout and wife, and took their receipt therefor on the back of said indenture. On the 1st of June 1839, said Wood paid said note to said Newton, and afterwards, on the same day, service of this process was made on him. He *immediately deposited* the money received in payment of said note in the Worcester Bank, to his own credit, as trustee of said Catharine.

It was further stated in said answer, that an assignment of the sum due on said note had been made by said Grout and wife to O. Adams, dated October 31st 1838, which had been exhibited to said Newton, and that said Adams had demanded of him payment of said money, by virtue of said assignment.

This case was argued at September term, 1840.

*C. Allen,* for the plaintiffs.

*Washburn,* for the trustee.

SHAW, C. J. The trustee having disclosed an assignment of the fund in his hands to a third person, before the service of the trustee process, the court thought it necessary first to ascertain the existence and validity of that assignment. But after wards all claim on that account was withdrawn, and then the question is, whether, upon his answer, Mr. Newton is liable to be charged as the trustee of Grout, by reason of the assignment made to him by the said Grout and his wife, in trust for her and her children. The answer discloses a post-nuptial settlement, by which Grout and his wife transferred to Newton a certain claim, being her distributive share of her father's estate, which had been received by her guardian, and not paid over by him,

and which the trustee was to collect of the guardian or of his sureties. This conveyance was made upon trust, after the money should be collected, to invest it on interest, to pay the income to her separately during the coverture ; if she survived her husband, then to convey the whole to her ; if he survived her, she leaving issue, then to such issue ; if he survived her, she leaving no issue, then in trust for him. The question is, whether this post-nuptial settlement was fraudulent, as against the creditors of the husband, so that the money, when received by the trustee, was liable to be attached as the property of the husband ; or whether it was a valid settlement, and one which can be supported, according to its terms, in favor of the wife and children.

When the trustee process was served on Newton, in June 1839, he had just received a sum of money of Wood, being the amount of a note given by him as surety for Harrington, the guardian of Catharine Grout, formerly Kimball, which had been given in part settlement of a suit on the guardian's bond. The indenture, by which this conveyance in trust had been made to Newton, was made May 30th 1837.

We take it to be a well established rule, that an ante-nuptial settlement, by which the personal property of the wife is settled to the use of herself and her children, is valid, whether the husband be in debt or not. So it is considered that a post-nuptial settlement made by a husband to the use of his wife, out of his own property, is valid, if he is not in debt at the time. *Picquet* v. *Swan*, 4 Mason, 443. And in general, as the ground of objection to such settlement is, that it tends to defeat or impair the rights of creditors, when that is not the case, the settlement is good.

The first inquiry which naturally presents itself is, what were the condition and circumstances of the property at the time this settlement was made. It was plainly a chose in action, a right to recover, of the guardian and his sureties, a sum of money, being the wife's patrimonial property, placed in the hands of her guardian before her marriage and during her minority. As the chose in action of the wife, it would survive to her in case the

husband should die before it was reduced to possession.    Again ;
this debt or chose in action could not be attached in the hands
of the guardian, by a creditor of the ward, by summoning the
guardian in a trustee process ; certainly not until there had been
a settlement, a decree of the probate court, a demand of the
balance, and a refusal of payment.    In analogous cases, it has
been held that where the property is in the custody of the law ,
that is, of an officer, whose duties are prescribed and regulated
by law ; such officer cannot be summoned and charged as trustee
So held in regard to a sheriff collecting money on execution
*Wilder* v. *Bailey*, 3 Mass. 289 ; a county treasurer; *Chealy* v
*Brewer*, 7 Mass. 259 ; an executor ; *Barnes* v. *Treat*, 7 Mass
271 ; and an administrator.   *Brooks* v. *Cook*, 8 Mass. 246.

By the Rev. Sts. *c.* 109, § 62, executors and administrators
are made liable to the trustee process ; but this provision does
not extend to guardians, and therefore the law in regard to them
stands as it did before.   It seems, therefore, that so long as this
property remained in the hands of the guardian, it could not be
attached by trustee process, as the goods, effects or credits of
the ward, nor, *a fortiori*, of the husband of the ward, in case of
her marriage ; nor could it be directly reached by the creditors,
by any legal process.   The husband was not compellable to re-
duce it to possession for the benefit of his creditors.   If it could
be reached by a court of equity in this Commonwealth, (which is
doubtful,) equity would not take it, and appropriate it to the
creditors, without making a provision for the wife.   Whilst it
remained in this situation, the right would survive to the wife, in
case of his decease, and she had an interest in it.   He was not
compellable to put it in a situation to be reached by the cred-
itors ; and the assignment shows that it was not his intention to
do so voluntarily.

Under these circumstances, the court are of opinion that this
personal property of the wife, consisting of her patrimonial for-
tune in the hands of her guardian, whilst it remained separate,
capable of being identified and distinguished ; which had not
been reduced to possession by the husband, and which could not
be reached by his creditors by any direct process of attachment ;

might, by the joint act of husband and wife, be settled, by an assignment in trust, for the use of the wife and her children, and that such an assignment cannot be set aside, as fraudulent against creditors.

It has been recently decided, that the assignment, by the husband, of the wife's chose in action, consisting of a balance of her personal property in the hands of her guardian, was not a reduction to possession, and that upon a divorce, or the death of the husband, the property would still be hers. *Page* v. *Estes*, 19 Pick. 269.

In the present case, the trustee, who is sought to be charged, was never the debtor of the husband. If liable at all, it is because he has received money belonging to the husband, under a conveyance fraudulent and void as against his creditors. But this brings the case back to the other question, whether money so situated is to be regarded, for all purposes, as the money of the husband, and whether it is not competent for the husband and wife, before the money has come into the actual or constructive possession of the husband, or into the possession of any one to his use, in whose hands it may be attached and sequestered by process of law, to place it in trust for the purpose of making it applicable to the support of herself and her children. In the hands of the guardian, it could not be reached by process of attachment ; the husband had a qualified, not an absolute interest in it ; in case of his decease, it would remain hers. In this state of things, we think it was not fraudulent to place it in the hands of a trustee for her separate use. It defeated no legal right, and interfered with no legal claim of the creditors. Such an assignment in trust was only exercising, in another form, the power which the husband and wife jointly had, in giving a destination to this property.

This doctrine we think, is not impugned, but rather supported by the authority of English decisions, when the question has not turned upon the construction of the terms of the bankrupt laws. The English bankrupt law, designed in all its provisions to operate strictly upon the bankrupt, and to enlarge, to the greatest extent, the remedies of creditors, transfers to assignees, in the

broadest terms, all rights and choses in action, which the bankrupt could in any manner assign or convey, or of which he had the disposition or control. As the husband could, by an action in the name of himself and wife, sue for and reduce the chose in action to possession, he had 'a power and control over it, and so, by force of the statute, a legal right to it vested in the assignees. *Pringle* v. *Hodgson*, 3 Ves. 617. *Glaister* v. *Hewer*, 8 Ves. 195. *S. C.* 9 Ves. 12. 11 Ves. 377. *Wombwell* v. *Laver*, 2 Simons, 360.

Decisions thus made, determined upon a construction of the words of the bankrupt laws, which of course are not in force here, tend, we think, to show that, but for the express provisions of those laws, such a settlement would be good.

It was intimated, though not much relied on, in the course of the argument, that Grout, the debtor, had an interest in this assignment, which might be reached by this process. It has often been decided upon the construction of *St.* 1794, *c.* 65, though it was not established by express statute provision, that one cannot be charged as trustee, in consequence of owing a debt, due upon a contingency. But by the Rev. Sts. *c.* 109, § 30, it is expressly provided, that "no person shall be adjudged trustee by reason of any money or other thing due from him to the principal defendant, unless it is, at the time of the service, due absolutely, and without depending upon any contingency." Here the only claim of the husband, under this assignment, depended upon the remote contingency of his surviving his wife, and of her dying without issue. The statute is decisive.

On the whole, the court are of opinion that the assignment was good, that the assignee had a right to hold the money upon the trusts therein expressed, and that the trustee must be discharged.