Thorn & Robins *vs.* Woodruff et al.

*probata*, must correspond. Here the issue was, as to whether the plaintiff, in his own right, was indebted to the defendant. The testimony adduced neither proved, nor conduced to prove, such liability, but every portion of it tended to establish an indebtedness on the part of the plaintiff's intestate, in his lifetime, to the defendant—a fact in nowise put in issue, or controverted by the pleadings.

We are, therefore, of the opinion, that the Court erred in refusing to exclude the testimony adduced by the defendant, on the trial of the issue in this case, made up by the parties, the same varying therefrom, and being wholly irrelevant thereto; and also, in finding said issue in favor of the defendant, and thereupon pronouncing final judgment in his favor, against the plaintiff.

Judgment reversed.

---

THORN & ROBINS *vs.* WOODRUFF, AND RUTHERFORD, AS ADM'R.

A garnishment is a suit with plaintiffs and defendants, both of whom have a day in court.

If two defendants are joined in the same garnishment, it is error, unless there be sufficient allegations in the writ, that their liability or indebtedness was joint, as partnership debtors, joint debtors, &c.

If they are intended to be made several and distinct debtors, there must be several and distinct writs, allegations, answers, &c.

Executors and administrators are not, as such, liable to garnishment. It disturbs the course of administration.

THIS was a proceeding by garnishment, determined in the Pulaski Circuit Court, in September, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Thorn & Robins sued out a writ, reciting that, whereas, they, in the Circuit Court of Pulaski county, on a given day, obtained a judgment against Edward Cole, for a certain debt, damages, and costs, which still remained unsatisfied; and that, whereas, it was alleged, by said plaintiffs, that they have reason to believe that William E. Woodruff and Samuel M. Rutherford, as executors of George H. Burnett, deceased, have, in their hands and pos-

session, goods and chattels, moneys, rights, and credits, belonging to said Thorn & Robins, copartners, as aforesaid: " now, therefore, you are hereby commanded to summon the said William E. Woodruff and Samuel M. Rutherford, as executors of George H. Burnett, deceased, if they be found within your bailiwick, to appear at, &c., then and there to answer what goods and chattels, moneys, credits, and effects, they may have in their hands or possession, belonging to said defendant, Edward Cole, to satisfy the judgment aforesaid, and also to answer interrogatories, &c." On the return of the writ, Thorn & Robins filed allegations averring that one Woodruff, of said garnishees, at the time of the service of the writ in this case, and afterwards, &c., averring effects and indebtedness by Woodruff to Cole, and exhibited interrogatories to Woodruff, *as an individual.* At the same time, they filed allegations, alleging that " Samuel M. Rutherford, as executor of George H. Burnett, deceased, had," &c., averring effects and indebtedness, *as such executor.* Woodruff answers in his own right, denying any effects or indebtedness; and his answer being uncontradicted, he was, of course, discharged. Rutherford came, " as executor of Burnett, and moved to quash the writ: 1st, because the writ of garnishment is joint, and not several, as to said Woodruff, and this garnishee, *as executor;* 2d, that the said Rutherford, *as executor,* is not liable, by law, to be summoned, as a garnishee.

The Court sustained the motion, and quashed the writ, and the case came up.

*Hempstead & Johnson,* for plaintiff in error. If Rutherford and Woodruff were improperly included in the writ of garnishment, or there was any defect, irregularity, or informality in the writ, it was bound to be plead in abatement, according to the doctrine in the case of *Didier vs. Galloway,* 3 *Ark. Rep.* 501, and *Renner vs. Reid,* 3 *Ark. Rep.* 339, and could not be taken advantage of by a motion to quash. If the objection were apparent on the face of the writ, the plea would require no affidavit; but still, the objection must be made by a formal plea. *Rev. St., p.* 57, *sec.* 1.

But even if the joinder of Woodruff and Rutherford has been properly brought before the Court, by the latter, he could have de-

Thorn & Robins *vs.* Woodruff et al.

rived no advantage from it, because a garnishment is of the nature of a suit, although no formal pleadings are required; and it is indisputable, that any number of persons may be made defendants in an action, and of course included in the writ. They may sever in pleading. One may plead in abatement, another in bar, and another may demur, at one and the same time; so that the rights of one cannot be at all prejudiced by the absence of right in another. The joinder of several is not only not objectionable, but commendable, on account of lessening the costs. Rutherford was appropriately described as executor of Burnett. Separate interrogatories were filed against Woodruff: separate interrogatories against Rutherford, in his representative character.

The testator would have been subject to the operation of the writ of garnishment. Hence, it must follow, that the executor who represents him, stands in the same predicament.

The statute of garnishment does not exclude or exempt any class of persons; nor is it believed any exemption can be found in any part of the code. *Rev. St.* 424. On the contrary, express provisions are made for actions brought against an executor or administrator, after the testator or intestate's death, and treating such actions as demands legally exhibited against the estate, to be classed accordingly. *Rev. St.* 81.

*Ashley & Watkins,* contra.

*By the Court,* PASCHAL, J. The record is very defective and inconsistent. The writ is against both of the parties, "as executors." The allegations and interrogatories are against Woodruff in his own right, and against Rutherford "as executor of Burnett." Woodruff answers, in response to the allegations, and Rutherford moves to quash the writ, because of the inconsistent joinder, and because an executor is not liable to answer. The parties, by joining in error, admit the correctness of the record; and this Court are at some loss upon what state of facts to adjudicate.

Although a garnishment is *sui generis,* yet it is a suit with plaintiffs and defendants, both of whom have a day in court. And if two de-

fendants are joined in the same garnishment, it is error, unless there be sufficient allegations in the writ, that their liability or indebtedness was joint, as partnership debtors, or joint debtors, &c. But if they are intended to be made several and distinct debtors, then there must be several and distinct writs, several and distinct allegations, answers, &c.; because, each defendant must depend upon his own merits, and must be entitled to the benefit of the judgment against him, for his own protection. In other words, defendants must not be joined, as garnishees, unless, in consequence of their joint interests, they could be joined in a suit at law, for the recovery of the demand.

This brings us to the consideration of the main question, as presented; that is: is an executor or administrator liable to be garnisheed, in his fiduciary character ?

The Supreme Court of Delaware, under a similar statute to our own, except that the clause of garnishment was in the writ of *fieri facias* to such debtors as are named, have said, " the act of assembly settles the priority of payment of debts, in the administration of assets, and it will not do to allow it to be disturbed in this way. By allowing the debtors of an estate to be garnisheed, the assets might be divested from their lawful course of application. Thus, funds applicable to judgment debts might be arrested and applied to simple contract debts. Neither an administrator, therefore, nor a debtor of the estate, can be attached or summoned, as a garnishee." This is the invariable decision. *Marvell et al., garnishees of Lyons, adm'r of Houston,* 2 *Harrington,* 349.

The Supreme Court of the State of Maine, after reviewing the cases, *Brooks vs. Cook,* 8 *Mass. Rep.,* 276; *Cheely and others vs. Brewer and trustee,* 7 *Mass.* 259, say: " The reason of the law, as laid down in case of *Brooks vs. Cook and trustee,* is, that it is the duty of an administrator to account, with the judge of the probate, for all the property in his possession, belonging to the estate. His bond is given to secure all concerned against losses occasioned by his unfaithfulness or negligence. If any of the conduct of the administrator, in this case, has been irregular, he stands responsible on his bond." See, also, *Johnson, ex dem., Murray et al. vs. Walsworth,* 1 *Johnson's Cases,* 372. And in *Hurd & Selden, admr's of*

*Jesse Hurd, dec'd,* 9 *Wend.* 465, the Supreme Court of New-York, say: " An attachment does not lie against an administrator, for a demand against his intestate, under the act against absconding, concealed, and non-resident debtors." The reasoning, in this case, is very clear.

The reasoning, in all these cases, applies to cases of executors and administrators, under our system of laws for settling the estates of intestates, with great force. To subject executors or administrators to this process of garnishment, might destroy the whole operation and intention of our law of administrations. We are, therefore, of opinion, that an executor or administrator, as such, is not subject to garnishment. Judgment affirmed.