364          CASES IN THE SUPREME COURT

Cincinnati and Little Rock Slate Co. vs. Bridge & Co.          [JANUARY

CINCINNATI AND LITTLE ROCK SLATE CO. VS. BRIDGE & CO.

It is error to join several garnishees in the same writ of garnishment, without allega-
tions of joint liability or indebtedness.   (*Thorn & Robins vs. Woodruff et al.*, 5 *Ark.*
55; *Moreland et al. vs. Pelham*, 2 *Eng.* 338.)

*Writ of Error to Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiffs.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Bridge & Shepherd sued out of the Pulaski Circuit Court, a
writ of garnishment, reciting that they had recovered a judg-
ment in said court, against Dyer, &c. "And, whereas, it is al-
leged by said plaintiffs, that they have reason to believe, that
David Bender, Mrs. Rebecca Graham, and the Cincinnati and
Little Rock Slate Company, have in their hands and possession,
goods and chattels, moneys, and credits and effects, belonging to
the said Dyer." The sheriff was, therefore, commanded to sum-
mon the said garnishees to appear, &c., "to answer what goods,
chattels, moneys, credits and effects, they may have in their
hands or possession, belonging to said Dyer," &c.

The writ was returned, executed upon the garnishees.

At the return term, the plaintiffs filed separate allegations
against each of the garnishees, in the form following: "And the
plaintiffs, by attorney come, and show and suggest to the court
here, that said garnishee has in her possession and control, divers
moneys, &c., and therefore, propounds to said garnishee, the fol-
lowing interrogatories," &c.   Then follow interrogatories.

The garnishees made default, and the plaintiffs took separate

OF THE STATE OF ARKANSAS. 365

judgments against Bender and the Slate Company, for the amount of their judgment against Dyer, dismissing as to Mrs. Graham. The Slate Company brought error.

It was error to join the several garnishees in the same writ, without allegations of joint liability or indebtedness, &c., as held in *Thorn & Robins vs. Woodruff et al.*, 5 *Ark. Rep.* 55; *Moreland et al. vs. Pelham*, 2 *Eng. Rep.* 338.

The judgment is reversed, and the cause remanded, &c.

Absent, Mr. Justice SCOTT.