STOUT, ADMINISTRATOR, ET AL. *v.* LaFOLLETTE, ADMINISTRATOR.

WILL.—*Construction of.—Legacy Payable out of Capital Stock.—Execution Against Legatee.—Injunction by Executor.*—The owner of a certain number of shares of the capital stock of an incorporated gas and coke company died testate, devising to A. and certain other legatees, severally, specified sums of money "to be paid out of the gas and coke company stock," and the residue to yet other legatees,. and directing that his estate should be settled "without administration thereon or controversy between" the legatees. An administrator with the will annexed having been appointed, an execution against A. was levied upon a number of such shares equal in value to his legacy, whereupon the administrator brought an action to enjoin sale upon the execution.

*Held,* on demurrer to the complaint, that the devise to A. was not a specific legacy ; but that, whether it was general, demonstrative or specific, it was not subject to execution.

From the Floyd Circuit Court.

*J. H. Stotsenburg,* for appellants.

*A. Dowling,* for appellee.

NIBLACK, J.—This was an action by David W. LaFollette, administrator of the estate of William Stevenson, deceased, with the will annexed, against Leonidas Stout,

administrator of the estate of Benjamin F. Stout, deceased, and Lyman S. Davis, sheriff of Floyd county.

A brief summary of the facts set out in the complaint may be made, as follows :

That the defendant Leonidas Stout, as administrator as above stated, on the 26th day of December, 1867, recovered judgment against one John W. Stevenson, in the common pleas court of Floyd county, for one hundred and fifty-nine dollars and fifty cents and costs of suit ; that, on the 27th day of December, 1873, the said William Stevenson, then in full life, was the owner of thirty-two shares of the capital stock of the Gas Light and Coke Company of New Albany, of the value of fifty dollars per share, and that, on that day, he executed and published his last will and testament, which contained, amongst other provisions, the following :

" Item 4th. I will, devise and bequeath unto my grandchildren, Sarah E. Stevenson, Willard J. Stevenson, and Adie Stevenson, each, the sum of one hundred dollars, to be paid out of the Gas and Coke Company stock.

" Item 5th. I will, devise and bequeath unto my son, John W. Stevenson, the sum of five hundred dollars, to be paid out of the Gas and Coke Company stock.  *  *  *

" Item 7th. I will and devise all the residue of my personal property, capital stock of the New Albany Gas and Coke Company, moneys and effects of whatever kind and description, to my three daughters, Mary Ann Marsh, Jane King and Elizabeth Hughes, to be divided equally between them ; and it is my desire that my estate shall be settled without any administration thereon, or controversy between my said children."

That the said William Stevenson died on the 31st day of March, 1876, being still the owner of said thirty-two shares of gas and coke company stock, and leaving his said last will and testament, set out in part as above, unre-

voked and in full force; that, on the 3d day of April, 1876, said will was duly proved and admitted to probate, and, on the 14th day of the same month, letters of administration, with the will annexed, were granted to the said David W. LaFollette, on the estate of the said William Stevenson; that, on the 5th day of April, 1876, an execution was issued on the judgment against John W. Stevenson, above described, he being the same John W. Stevenson named as a legatee in item No. 5 of the said William Stevenson's will above set forth, and directed to the said Lyman S. Davis, as the sheriff of Floyd county, who, by order of the said Leonidas Stout, levied said execution on ten shares of the capital stock of the gas and coke company referred to in said will, and advertised the same for sale, concluding with the averments that the said John W. Stevenson had no title to the shares of stock levied upon, that, "for the purpose of executing said will and carrying out the intentions of said testator, it will be necessary for him (the said LaFollette), as such administrator, to sell said stock so levied upon as aforesaid," and that such levy upon the same was a cloud upon his authority to make sale of such stock, and praying that the said Leonidas Stout, as the plaintiff in such execution, and that the said Davis, as sheriff as aforesaid, might be restrained and enjoined from making sale of the shares of stock so levied upon, or otherwise interfering with the said LaFollette's possession and control of such shares of stock in his said fiduciary capacity.

A demurrer to the complaint for want of sufficient facts was overruled, and the defendants answered, admitting all the material allegations in the complaint, except the averments that the said John W. Stevenson had no title to such shares of stock, and that it would be necessary for the plaintiff to sell said stock to execute the testator's will, and averring that the said John W. Stevenson was not a resi-

dent householder of the State, that he had no other property subject to execution than the shares levied upon, that there were no debts, claims or liens against the estate or property of the said testator, and that there were assets enough in the hands of the plaintiff, after paying all the legacies, to pay all the costs and expenses of administration.

A demurrer was sustained to the answer, and, the defendants declining to answer, a judgment was rendered against them, perpetually restraining and enjoining them from selling the shares of stock so levied upon, or otherwise interfering with their possession or control, as prayed for in the complaint.

The appellants devote considerable time to the discussion of the question of the character of the legacy bequeathed to John W. Stevenson, by item No. 5 of the testator's will, contending that it is a specific, and not either a general or a demonstrative, legacy, carrying with it a proportionate amount of the shares of stock referred to in the will, which was subject to levy and sale, as the property of the said John W. Stevenson, when not needed for the payment of debts against, or of the expenses of the administration of, the estate of the testator.

Their argument is based upon the assumption, that, if the legacy in question shall be held to be a specific legacy, then it must follow, that, under the facts set up in the answer, the shares of stock levied upon, estimated to be the proportionate amount intended for the said John W. Stevenson, were subject to be levied upon and sold as his property.

In answer to the positions thus assumed by the appellants, we have to say :

1.   That we can not regard the legacy to John W. Stevenson as a specific one.   No specific thing is bequeathed by it.   It is provided that a definite sum of money shall go to him, to be paid out of certain stock, and not by the

transfer of any specified proportion or number of shares of such stock. This stock is charged with the payment of certain legacies, in items Nos. 4 and 5 of the will, without reference to the amount of it which might be required to pay, or consumed in paying, such legacies. Then, in item No. 7 of the will, the residue of such stock is bequeathed to his three daughters, thus indicating that the testator had no definite idea in his mind as to the amount of the stock which might be required to pay the legacies provided for in said items Nos. 4 and 5, and that he did not construe said last named items of his will as disposing of any definite number of the shares or proportion of such stock.

2. But, conceding that the legacy to the said John W. Stevenson was a specific legacy, it does not follow that it could be levied upon and sold as his property under execution.

In Freeman on Executions, section 129, it is said:

" It is very clear that all property in custody of the law is not subject to any seizure or interference by officers acting under writs of execution; but some difficulty may be experienced in determining when property is so within the custody of the law as to be shielded by this rule. When a Court of Equity has acted by taking property into its possession by the appointment of a receiver, such property, whether real or personal, is clearly *in custodia legis*. The whole purpose of the suit might be defeated if an officer could wrest the property from the agent of the court, and sell it by virtue of a writ against one of the contending parties. Such property is not subject to execution."

Further on in section 131 of the same book, it is said, that " Moneys and other chattels in the possession of administrators, executors, or guardians, in their official capacity, are almost universally conceded to be in custody

of the law, and therefore " not subject to levy under execution. Also, that " In most instances, where decisions have been made holding that moneys in the hands of administrators, executors, or guardians could not be reached under process against the creditor, legatee, or ward who might become entitled to such moneys on a final settlement of accounts, the courts have professed to exempt such money, both because it was *in custodia legis*, and because it could not properly be said to belong to the defendant in execution until an order of the court had been entered finally establishing his right thereto, and directing that it should be paid over to him in pursuance of such order."

See, also, Herman Executions, 246 ; 3 Williams Executors, 6th Am. ed., 2,113; *Suggs* v. *Sapp*, 20 Ga. 100; *Waite* v. *Osborne*, 11 Me. 185 ; *Hancock* v. *Titus*, 39 Miss. 224 ; *Marvel* v. *Houston,* 6 Harring. Del. 349 ; *Barnes* v. *Treat,* 7 Mass. 271 ; *Beckwith* v. *Baxter,* 3 N. H. 67.

The principles enunciated in the extracts taken as above from Freeman on Executions are well supported by the authorities, and have, it seems to us, a practical application to the case in hearing.

From the authorities above cited, we think it plainly deducible, that legacies in the hands of an executor, or administrator with the will annexed, pending the settlement of the estate, whether general, demonstrative or specific, are not subject to levy and sale under an execution against the legatee.

We are therefore of the opinion, that the court did not err, either in overruling the demurrer to the complaint or in sustaining the demurrer to the answer, the shares of stock levied upon being clearly in the custody of the law, and not subject to execution upon the facts stated both in the complaint and in the answer.

The judgment is affirmed, at the costs of the appellants.

Howk, C. J., having been of counsel in this case, was absent during its consideration.

Petition for a rehearing overruled.