[No. 1166.]

HARRIET M. NORTON, Executrix, et al., *v.* L. G. CLARK and D. C. MARTIN, Respondents, and THOMAS E. HAYDON, Appellant.

Estate of Deceased Persons—When Executor Cannot be Garnished—Claims—Levy and Sale.—In an estate, where no order for distribution .has been made, neither the executor or administrator is liable to the process of garnishment, nor can an allowed and approved claim against the estate be levied upon and sold under an execution against the claimant. .

Appeal from the District Court of the Seventh Judicial District, Washoe County.

The facts appear in the opinion.

*Thomas E. Haydon, in propria persona,* for Appellant:

I. A claim against an estate duly allowed by an executor or administrator and probate judge, can be seized and sold under execution, so as to vest in the purchaser the title of the judgment debtor. (Civ. Pr. Act, secs. 127, 128, 135, 219, 222, 229, 230.) We adopted with these sections their settled judicial .construction in California. (*Adams* v. *Hackett,* 7 Cal. 187 ; *Crandall* v. *Blen,* 13 Cal. 15 ; *Davis* v. *Mitchell,* 34 Cal. 87 ; *Donohoe* v. .*Gamble,* 38 Cal. 352 ; *Robinson* v. *Tevis,* 38 Cal. 615 ; Freeman on Ex., secs. 112, 116, 120.) See, collaterally, in aid of this proposition : (*Jones* v. *Thompson,* 12 Cal. 191 ; *Halsey* v. *Martin,* 22 Cal. 645 ; *Edwards* v. *Beugnot,* 7 Cal. 162 ; *Foster* v. *Potter,* 37 Mo. 525 ; *Middletown Savings Bank* v. *Jarvis,* 33 Conn. 372 ; *Eastland* v. *Jordan,* 3 Bibb 186 ; *Samuel* v. *Salter,* 3 Met. (Ky.) 259.)

II. The claim in this case was on a written bill of sale or chattel mortgage with possession. This was *a credit.* It could have been assigned, sold, mortgaged, pledged or disposed of in any legal method before its allowance, and afterwards, it could have been disposed of in the same way. It then became a judgment. (*Dock's Estate* v. *Gherke,* 6 Cal. 666 ; *Estate of Hidden,* 23 Cal. 362 ; *Pico* v. *De La*

*Guerra,* 18 Cal. 422; *Corbett* v. *Rice,* 2 Nev. 330; *Willis* v. *Farley,* 24 Cal. 501; *Estate of Schroeder,* 46 Cal. 304; *Rhodes* v. *O'Farrell,* 2 Nev. 61–4.)

*Dickson & Varian,* for Respondents:

I. The executors could not be garnished in this case. (Freeman Ex. sec. 131; Drake Att. sec. 251, 492 *et seq;* *Elliott* v. *Newby,* 2 Hawks 21; *Young* v. *Young,* 2 Hill (S. C.) 425; *Stout* v. *LaFollette,* 64 Ind. 365; *Skinner* v. *Maxwell,* 68 N. C. 400; *Estate of Nerac,* 35 Cal. 397; *Simes Estate,* Myrick's P. R. 100; *Machine Co.* v. *Miracle,* 54 Wis. 298.)

II. A sale of the interest of the creditor of the estate cannot be made under execution.

By the Court, BELKNAP, J.:

This suit was instituted by the executors of the last will of B. B. Norton, deceased, for the purpose of determining the ownership of an allowed and approved claim against his estate and in favor of the Reno Savings Bank. Appellant Haydon claims by virtue of a writ of garnishment served upon the executors, and an actual levy and sale of the claim under an execution issued upon a judgment in his favor and against the bank. The respondents claim under assignments made subsequent to the proceedings by which appellant claims ownership. The only matter necessary for consideration is whether appellant acquired any rights by virtue of the garnishment, levy and sale, no order for distribution to creditors having been made.

The proposition that an executor is not, under these circumstances, answerable to the process of garnishment, is abundantly supported by the authorities. The reasons for the conclusion are well expressed in the case of *Shewell* v. *Keen,* 2 Whart. 339. The court in that case said: "Another circumstance of weight is, that an executor or administrator is, to a certain extent, an officer of the law, clothed with a trust to be performed under prescribed regulations. It would tend to distract and embarrass these officers if, in addition to the ordinary duties which the law imposes, of

themselves often multiplied, arduous, and responsible, they were drawn into conflicts created by the interposition of creditors of legatees, and compelled to withhold payment of legacies without suit; to suspend indefinitely the settlement of estates; to attend, perhaps, to numerous rival attachments; to answer interrogatories on oath; and to be put to trouble and expense for the benefit of third persons no way connected with the estate, nor with the duties of their trust.   It has been decided that money in the hands of prothonotary or sheriff cannot be intercepted by a creditor of the party entitled to it, but it must be paid over to himself only.   (1 Dall. 354.)   The case of an executor or administrator is analogous to that of a sheriff or prothonotary.   He has the fund in his hands as an officer or trustee authorized by law, and if a new party were allowed to levy on it by attachment there would be no end of disputes and lawsuits, and no business could be certain of ever being brought to a close within a reasonable time.   It is of great importance to the interests of heirs, creditors, and legatees that the affairs of a decedent's estate be kept as simple and distinct as possible; that its concerns be speedily closed and the estate adjusted.   It is, moreover, settled that an executor cannot be sued as defendant in an attachment by a creditor of a testator, and the goods of the testator attached to recover the debt.   (2 Dall. 73.)   The reason is that the estate of the testator ought to come into the hands of the executor, that he may administer it according to law, and pay the debts if the assets suffice; and they ought not to be stopped, and the executor subjected to new responsibilities by proceedings in attachment.   These reasons apply with equal force to the attempt to make an executor garnishee for the purpose of paying out of the assets in his hands the debt due to a creditor of a legatee.   These funds must travel only in the path pointed out by the laws relating to decedents' estates in their various branches, and cannot be diverted out of that path without interfering with salutary regulations, and violating some of the most important provisions of the acts of assembly.''   (See, also, *Barnes*

v. *Treat,* 7 Mass. 271 ; *Brooks* v. *Cook,* 8 Mass. 247 ; *Thorn* v. *Woodruff,* 5 Ark. 55 ; *Stout* v. *La Follette,* 64 Ind. 365 ; *J. I. Case T. M. Co.* v. *Miracle,* 54 Wis. 295 ; *Colby* v. *Coates,* 6 Cush. 558 ; *Thayer* v. *Tyler,* 5 Allen 94 ; *Welch* v. *Gurley,* 2 Hayw. (N. C.) 334 ; *Young* v. *Young,* 2 Hill (S. C.) 425 ; *Curling* v. *Hyde,* 10 Mo. 374 ; *Winchell* v. *Allen,* 1 Conn. 385 ; *Lyons* v. *Houston,* 2 Harr. (Del.) 349 ; *Waite* v. *Osborne,* 11 Me. 185 ; *Wilder* v. *Bailey,* 3 Mass. 289 ; *Marvin* v. *Hawley,* 9 Mo. 382 ; *Hill* v. *La Cross, & M. R. R. Co.,* 14 Wis. 291 ; *Dawson* v. *Holcomb,* 1 Ohio 275.)

Appellant mainly relies, however, for title, upon the alleged levy and sale of the claim, independently of the garnishment. The sheriff seized in execution and took in custody the paper writing among the files of the clerk of the court containing a statement of the claim of the Reno Savings Bank against the estate of Norton, regularly allowed by the executors and approved by the district judge. The same considerations which have moved courts to exempt executors from garnishment require that claims against an estate should not be subject to levy and sale. The vexation and delay which successive attachments would produce would be the same in cases of actual levy as if the proceedings were by garnishment, and one mode as much as the other would tend to divert the money of the estate from the course which the law has prescribed for it. The results produced by either methods being the same, a change of means cannot change the aspect of the question. There is no just ground for permitting one method of procedure and not the other.

Again, the property, which the laws concerning attachments and executions require shall be taken into custody, is tangible, visible property, capable of seizure and actual possession. Concerning property such as was sought to be reached in this case, the statutes expressly provide that "debts and credits, and other personal property not capable of manual delivery," shall be reached by garnishment. (Sections 1189, 1191, 1280.)

The order of the district court granting a new trial is affirmed.