## HOWARD'S ESTATE

No. 2652

August 5, 1924.                          227 Pac. 1016.

1. GARNISHMENT — CLAIM DUE FROM AN ESTATE CANNOT BE GARNISHEED IN HANDS OF ADMINISTRATOR.

A claim due from an estate cannot be garnisheed in the hands of an administrator.

2. GARNISHMENT — ASSIGNEE OF CLAIM DUE FROM AN ESTATE GARNISHEED BY CREDITOR OF ASSIGNOR UNDER NO DUTY TO HAVE WRIT OF ATTACHMENT DISCHARGED.

Assignee of a claim due from an estate garnisheed by a creditor of assignor was under no duty to take steps to have writ of attachment discharged, or to preserve his rights in any matter in attachment proceedings, since administrator was charged with a knowledge of the law, and presumed to have known that money in his hands due assignee was not subject to attachment.

3. EXECUTORS AND ADMINISTRATORS—STATUTE PROVIDING THAT SETTLEMENT OF ADMINISTRATOR'S ACCOUNT SHALL BE CONCLUSIVE CONSTRUED.

Rev. Laws, sec. 6048, providing that settlement of an administrator's account shall be conclusive against all persons in any way interested in the estate, refers to a judgment or order which is not attacked by a motion for a new trial or by appeal, but not to one who has appeared and objected to approval of the account.

---

See (1, 2) 28 C. J. sec. 93, p. 77, n. 56;  sec. 357, p. 259, n. 2;

sec. 585, p. 370, n. 39; 22 C. J. sec. 85, p. 148, n. 67; (3) 24 C. J. sec. 2483, p. 1028, n. 1.

APPEAL from the Fourth Judicial District Court, Elko County; *J. M. McNamara*, Judge.

In the matter of the estate of Charles M. Howard, deceased; Gracian Eyroz, administrator. On objections of Randolph Streeter and another to final administration account. From an order denying his motion for a new trial, and from an order approving the final report and discharging administrator, the named objector appeals. **Reversed and remanded. Petition for rehearing denied.** (SANDERS, J., dissenting.)

*Johnson & Mathews*, for Objectors:

Proposition that executor is not, under these circumstances, answerable to process of garnishment is abundantly supported by authorities. Norton v. Clark, 18 Nev. 247; Rev. Laws, 6055, sec. 198; 12 R. C. L. 814; 47 L. R. A. 348; note 30, L. R. A. (N. S.) 720.

Appeal will lie from decision allowing final administration account. Rev. Laws, 6112. Also, from order refusing to revoke letter of administration. Bailey's Estate, 31 Nev. 378. The thousand dollar limitation relates only to decisions respecting matters not specifically enumerated. State v. District Court, 40 Nev. 169.

The point, not having been raised on original hearing, will not be considered on petition for rehearing. Nelson v. Smith, 42 Nev. 302; Forney's Estate, 43 Nev. 227.

*H. U. Castle*, for Respondent:

Rev. Laws, 5165, as amended, 1921 Stats. 5, provides defendant may before trial, on notice, move to discharge attachment on ground writ was improperly issued or that property is exempt. Under this section objector could have had writ discharged if check was not subject to execution, but failing in this, it was plainly his intention to have check applied against judgment against him secured by grocery company and then, if possible,

collect through assignment same amount second time. Equity will not grant relief to party who has had opportunity to be heard at law without showing he was prevented by wrongful act and was not himself negligent. Royce v. Hampton, 16 Nev. 25. Laches is question for sound discretion of chancellor. 21 C. J. 217.

Administrator need not obtain order to pay general creditors, even though it may be better practice. Fernandez' Estate, 51 Pac. 851.

Ruling in Norton v. Clark does not relieve appellant, because he was fully advised and permitted check to be used in payment of debt owed by objector and now seeks to recover same amount again. Both were negligent and guilty of laches.

Facts show objector and his counsel were willing to let sheriff satisfy judgment with check and then, if possible, collect amount second time from administrator out of his private funds. If purported assignment was in good faith, why was Buster objector and appellant? Justice is purpose of government.

## OPINION

By the Court, COLEMAN, J.:

In the above-entitled estate claims were approved by the administrator and allowed by the court in a large sum. Among the claims so approved and allowed was one in favor of Guy Buster in the sum of $80. On August 28, 1923, Buster, being indebted to one Streeter, executed a written assignment of his claim so allowed, and delivered it to said Streeter, and on the same day Streeter served upon the administrator of said estate notice in writing of said assignment. On the same day a suit was instituted by the International Grocery Company in the justice's court against Guy Buster, wherein a writ of attachment was issued and delivered to the sheriff. The sheriff, on the same day pursuant to said writ of attachment, served upon the administrator a copy of said writ and notified him that any money in his hand payable to Buster was attached and garnished.

Prior to such garnishment the administrator had made out a check payable to Guy Buster in the sum of $80 in payment of the claim so allowed, which, when said writ was served upon him, he delivered to the sheriff, taking his receipt therefor. Thereafter, and on September 2, 1923, said administrator filed his final report, and prayed that the same be approved and allowed, and that he be discharged as such administrator. Among the claims represented by said report to have been paid was the one allowed in favor of Buster.

Subsequently to the filing of the report by the administrator, Streeter filed exceptions and objections thereto upon the ground that he, as the assignee, and not Buster, had been paid, and that the administrator was not subject to garnishment, and that the payment to the sheriff, pursuant to the attachment, did not discharge him from liability. After hearing the objections, the court approved and allowed the report, ordered the payment of the expenses of administration, and a distribution of the estate, and that, upon complying with such order, the administrator and his bondsmen stand discharged from further liability.

Appellant, Streeter, made a motion for a new trial, which was denied. He has appealed from the order denying his motion and from the order approving the final report and discharging the administrator.

1. In support of his contention that the orders appealed from should be reversed, our attention is directed to the case of Norton v. Clark, 18 Nev. 247, 2 Pac. 529. In that case it was squarely held that there could be no garnishment of a claim due from an estate, the court quoting approvingly from Shewell v. Keen, 2 Whart. 339, 30 Am. Dec. 266, as follows:

"Another circumstance of weight is that an executor or administrator is, to a certain extent, an officer of the law, clothed with a trust to be performed under prescribed regulations. It would tend to distract and embarrass these officers, if, in addition to the ordinary duties which the law imposes, of themselves often multiplied, arduous and responsible, they were drawn into

conflicts created by the interposition of creditors of legatees, and compelled to withhold payment of legacies, without suit; to suspend indefinitely the settlement of estates; to attend perhaps, to numerous rival attachments; to answer interrogatories on oath, and to be put to trouble and expense for the benefit of third persons [in] no way connected with the estate, nor within the duties of their trust. It has been decided that money in the hands of a prothonotary or sheriff cannot be intercepted by a creditor of the party entitled to it; but it must be paid over to himself only. 1 Dall. 354. The case of an executor or administrator is analogous to that of a sheriff or prothonotary. He has the fund in his hands as an officer or trustee authorized by law; and if a new party were allowed to levy on it by attachment, there would be no end of disputes and lawsuits; and no business could be certain of ever being brought to a close within a reasonable time. It is of great importance to the interests of heirs, creditors and legatees that the affairs of a decedent's estate be kept as simple and distinct as possible; that its concerns be speedily closed, and the estate adjusted. It is moreover settled that an executor cannot be sued as defendant, in an attachment by a creditor of the testator, and the goods of the testator attached to recover the debt. 2 Dall. 73. The reason is that the estate of a testator ought to come into the hands of the executor, that he may administer it according to law; and pay the debts if the assets suffice; and they ought not to be stopped, and the executor subjected to new responsibilities, by proceedings in attachment. These reasons apply with equal force to the attempt to make an executor garnishee, for the purpose of paying out of the assets in his hands, the debt due to a creditor of a legatee. These funds must travel only in the path pointed out by the laws relating to decedents' estates in their various branches; and cannot be diverted out of that path, without interfering with salutory regulations, and violating some of the most important provisions of the acts of assembly."

Many other authorities are cited in support of the rule thus enunciated.

2. The hearing upon the objections to the final report was disposed of by one judge and the motion for a new trial by another. The judge who passed upon the objections and approved the final report seemed to have recognized and accepted the ruling in Norton v. Clark as being applicable, but, in view of the fact that Streeter took no steps to have the writ of attachment discharged or to preserve his rights in any manner in the attachment proceeding, that he could not be heard to complain in the matter of the estate.

We think this is an erroneous view to take of the situation. The administrator was charged with a knowledge of the law. He knew, or is conclusively presumed to have known, that the money in his hands due to Buster, or to Streeter, the assignee, was not subject to attachment. Knowing this, it was his duty to refuse to deliver the check to the sheriff pursuant to the attachment. Neither Buster nor Streeter was under any duty to appear in the attachment proceedings. No lien was acquired in that proceeding. The administrator gave a bond for the faithful discharge of the duties imposed upon him as such. One of those duties was to pay the claim to Buster, or to one holding a valid assignment. He could not escape liability by making payment to some person not entitled to receive it legally. In the case of First National Bank v. Arthur, etc., 12 Colo. App. 90, 54 Pac. 1107, the facts are dissimilar from those in this one, yet the principle stated is in point.

3. The learned judge who disposed of the motion for a new trial seemed to have appreciated the force of this view, but, in his written opinion which is in the record, he states that the doctrine in Norton v. Clark could not be considered on a motion for a new trial, since section 6048, Rev. Laws, provides that the settlement of the account of an administrator shall be conclusive against all persons in any way interested in the estate.

We do not construe this provision of the statute as did

the learned judge. It is evident that the statute refers to a judgment or order which is not attacked by motion for new trial, or by appeal, but not to one who has appeared and objected to the approval of the account, as did the appellant. To take any other view would result in practically denying the right of appeal to this court.

For the reasons given, the judgment and orders appealed from are reversed, and the case is remanded to the district court for further proceedings in accordance with the views expressed. Appellant to recover his costs.

DUCKER, C. J.: I concur.

SANDERS, J., dissenting:

Conceding that an administrator can receive no credit for disbursements which he made improperly, such as the payment of an allowed and approved claim against the estate at the instance of an attaching creditor of the claimant, nevertheless, where it appears that the owner of the claim seeks to falsify the account of the administrator for that reason alone, the burden is upon him to satisfy the court of his right to the fund. Having failed in this, I see no reason for reversing the order upon the single ground that the administrator exceeded his authority.

## ON PETITION FOR REHEARING

February 10, 1925.                    232 Pac. 783.

1. APPEAL AND ERROR—MOTION FOR REHEARING, BASED ON GROUND NOT URGED ON ORIGINAL HEARING, WILL BE DENIED.
    Motion for rehearing, based on ground not urged on original hearing, will be denied.

2. APPEAL AND ERROR—APPEAL LIES FROM ORDER APPROVING FINAL REPORT OF ADMINISTRATOR, THOUGH AMOUNT INVOLVED LESS THAN $1,000.
    Under Rev. Laws, sec. 6112, appeal will lie from order approving final report of administrator, though amount involved is less than $1,000.

See 4 C. J. sec. 155, p. 385, n. 59; sec. 2495, p. 629, n. 88.

On petition for rehearing. **Petition denied.** (SANDERS, J., dissenting in part.)

## OPINION

By the Court, COLEMAN, C. J.:

A petition for a rehearing has been filed in this case upon the ground that this court had no jurisdiction to hear and determine the matter. In support of this contention petitioner relies upon section 6112, Revised Laws 1912, which reads:

"Any person interested in, affected by, and aggrieved at the decision and decree of the district court appointing an executor or administrator, revoking letters, allowing a final account, or disallowing it, decreeing a distribution or partition, order or decree, confirming or setting aside a report of commissioners, admitting or refusing a will for probate, and any other decision wherein the amount in controversy equals or exceeds, exclusive of costs, one thousand dollars, may appeal to supreme court of the state, to be governed in all respects as an appeal from a final decision and judgment in action at law."

It is said in the petition—

"that the amount in controversy does not equal or exceed, exclusive of costs, $1,000, but that the amount in controversy, exclusive of costs, is the sum of $80 and no more, as appears from the record in said cause on file with the clerk of the above-entitled court."

1, 2. It has been the universal practice to deny a petition for a rehearing when based upon a ground not urged upon the original hearing. In Re Forney's Estate, 43 Nev. 227, 184 P. 206, 186 P. 678, 24 A. L. R. 553; In Re Pedroli's Estate, 47 Nev. 321, 224 P. 807, 31 A. L. R. 841. Aside from this, the petition must be denied, since there is no merit therein. The statute relied upon expressly authorizes an appeal by any person aggrieved by the allowance of a final account of an administrator. The original opinion in this case shows that an appeal was taken from an order approving the final report.

The petition is hereby denied.

DUCKER, J.: I concur.

SANDERS, J., concurring:

I concur in the opinion relative to the rule of practice in respect to points raised for the first time on petitions for rehearing, but adhere to my former dissenting opinion herein.