*Curling & Robertson* vs. *Hyde.*

### CURLING & ROBERTSON vs. HYDE.

An administrator or other person, holding money or property in a fiduciary character, can not be garnisheed for such money or property.

### ERROR to Marion Circuit Court.

GLOVER & CAMPBELL, *for Plaintiffs, insist:*

That the judgment of the Circuit Court must be reversed:

1st. Because the interrogatories are addressed to Mahala J. R. Hyde, as administratrix of Edmund Hyde, deceased, and not in her individual character; no question, therefore, based upon her private indebtedness, would have been proper under the issue, yet the Circuit Court decided that her individual indebtedness was the proper subject of investigation.

2d. Because the Circuit Court erred in assuming that an administratrix could not be garnisheed, or that the fund in her hands could not be thus attached.

WELLS, *for Defendant, insists:*

1st. The bill of exceptions does not save the motion for new trial—the motion is not in the bill of exceptions.

2d. The issue was whether Mahala J. R. Hyde was indebted to defendant, and not whether the estate of Edmund Hyde was indebted. The evidence did not support the issue. The issue was on the answer, and not on the interrogatory.

3d. An administrator is not bound to answer as to the indebtedness of his intestate. An administrator is not a debtor within the meaning of the statute.

McBRIDE, J., *delivered the opinion of the Court.*

Curling & Robertson, on the 19th April, 1844, at the Marion Circuit Court, recovered judgment against Wesley W. Hyde, for upwards of $4,000.

On the 24th June, 1844, a writ of *fieri facias* issued on said judgment, directed to the sheriff of Marion county, on which the defendant, Mahala J. Hyde, as administratrix of Edmund Hyde, deceased, amongst other persons, was summoned as garnishee on the 24th July, 1844.

At the October term, 1844, of the Marion Circuit Court, interrogatories were filed against the garnishees, as follows: "To Hiram Edmiston, Jordan W. Hyde, and Mahala J. R. Hyde, administratrix of the estate of Edmund Hyde, deceased—were you or either of you indebted, on the lays on which you were respectively summoned as garnishees in this

case, to Wesley W. Hyde, in any sum of money, if so how much, on what account, when due, what interest does it bear, if not due when will it become due?"   R. C. 1835, 254, §8; ib. 78, §15, and following.

On the 14th November, 1844, a copy of the interrogatories was served on Mahala J. R. Hyde, who appeared at the Court and filed her answer, denying that she owed any money, or had any in her hands; to her answer a replication was filed.

On the trial of the issue made on the answer of Mahala J. Hyde, the plaintiff called a witness, who, being sworn, was asked by plaintiff's attorney if he knew whether Mahala J. Hyde, as administratrix of Edmund Hyde, deceased, was indebted to Wesley W. Hyde at the service of the garnishee upon her in this cause?   The question was objected to by the defendant, and the objection sustained by the Court.   Plaintiff then asked the witness to state if, at the date of the service of the garnishee in this case, the estate of Edmund Hyde was indebted to Wesley W. Hyde. To this question the defendant also objected, and the Court sustained the objection, to which the plaintiff excepted, and thereupon took a non-suit, with leave to move to set the same aside, which motion the plaintiff subsequently made, and the Court overruled the same, whereupon he excepted and has brought his case to this Court by writ of error.

Two points are preserved on the record, and are insisted on in this Court for the reversal of the judgment of the Circuit Court:

1st. The interrogatories being addressed to Mahala J. Hyde, as administratrix of Edmund Hyde, deceased, and not to her in her individual capacity, therefore, the evidence offered by the plaintiff, and rejected by the Court, should have been received.

2d. The Circuit Court erred in assuming that an administratrix could not be garnisheed; or that the funds in her hands could not be thus attached.

We will examine the second point first, inasmuch as the decision of that involves the merits of this controversy, and its adjudication will determine the first point.

Is the defendant, Mahala J. Hyde, *in her fiduciary character*, liable to this proceeding for a supposed indebtedness of her intestate to the defendant in the execution, Wesley W. Hyde?

Although this is a new question in this State, it being now presented for the first time to this Court, yet we are not altogether without the aid derived from the investigations given to the subject by other Courts in deciding it.

The Supreme Court of Massachusetts, in the case of Brooks vs. Cook,

8 Mass. R. 246, which was a question whether one Barret was, by law, liable to be adjudged the trustee of the defendant. Barret had, at the time of the service of the writ upon him, no goods, effects, or credits of Cook in his possession, excepting as he, Barret, was administrator, &c. The Court declared that "no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be holden by process of this kind. We have determined this in the case of public officers, and the reason of those decisions applies with equal force to the case of an administrator." See 1 Cranch's R. 117; 3 Mass. R. 288; 7 Mass. R. 259; where the same opinion is fully recognized.

Marvel, et al., garnishees of Lyons, administrator of Houston, 2 Harrington's R. 349, was a case in the Supreme Court of Delaware, where John Houston, in his life time, recovered judgment against Wm. Lyons, in his life time, which judgment was revived by *scieri facias*, at the suit of Elizabeth Houston, executrix of John Houston vs. Richard Lyons, administrator of Wm. Lyons. On this judgment a *fieri facias* issued for levying the debt, with a clause for summoning "the garnishees of the said Richard Lyons, administrator of Wm. Lyons, deceased." Under this process, Marvel and another were summoned, put to plead, and had judgment against them. The Court held that "the act of assembly settles the priority of payment of debts in the administration of assets, and it will not do to allow it to be disturbed in this way. By allowing the debtors of the estate to be garnisheed, the assets might be diverted from their lawful course of application. Thus, funds applicable to judgment debts, might be arrested and applied to simple contract debts; neither an administrator, therefore, nor a debtor of an estate, can be attached or summoned as a garnishee. This is the invariable decision."

The Supreme Court of Arkansas, (5 Ark. Reps. 55,) after reviewing the authorities on this subject, declare that "to subject executors or administrators to this process of garnishment, might destroy the whole operation and intention of our law of administration."

We are, therefore, of the opinion that from principle and analogy, a trustee, or one acting in a fiduciary character, is not subject to be garnisheed as such—that the assets in the hands or possession of a fiduciary, are to be paid out in such manner as the law prescribing the duties of such fiduciary directs, and not otherwise; that a contrary doctrine would inevitably lead to much embarrassment, and great inconvenience in the administration of estates. The most difficult and intricate questions of fraud might arise, which could not well be adjudicated in this summary proceeding by garnishment on execution.

By the provisions of our administration law, all claims, of whatever character, must be presented to and allowed by the County Court, and after allowance, are subject to be classed, and paid according to such classification, if the administrator has sufficient assets in his hands to pay the same, and if not, then to be paid *pro rata*. Whether the proceeding in this case against the administratrix could be sustained after an allowance and an order made by the county Court, for her to pay the demand, is not now before us; and need not be decided, but until a settlement by the administratrix, and an order to pay certain claims, embracing the one in question, we are clearly of opinion she is not liable in the manner here attempted.

The object of the evidence offered by the plaintiff, and excluded by the Court, being to fix a liability on the administratrix, as such, was under the view we have taken of the case, inadmissible, and the Court properly excluded it.

We are, therefore, of opinion that the Circuit Court committed no error, and the other Judges concurring, the judgment of the Circuit Court is affirmed.