Richards *v.* Griggs et al.

RICHARDS, Appellant, *vs.* GRIGGS *et al.* Respondents.

1. After an administrator, upon a settlement, has been adjudged to pay over a sum of money, he is subject to garnishment in a suit against the person in whose favor payment has been adjudged.

2. To constitute a valid assignment of a debt not evidenced by bond, bill or note, as against the debtor, notice must be given to him; and if, after an assignment without notice to him, judgment is obtained against him, as garnishee, in a suit against his original creditor, he will be protected.

*Appeal from Polk Circuit Court.*

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill of interpleader, begun by the appellant, Richards, against Robert Vermilion, who sues to the use of William Griggs, and against Arrington Simpson. Richards, the appellant, held in his hands, as ad-

ministrator of L. Richards, the sum of $200, which, by an order of the County Court of Polk county, he was required to pay to the widow of said Leonard Richards, as her dower. Vermilion sued Arrington Simpson and recovered a judgment against him, and no property being found to satisfy the execution on said judgment, Meridy Richards, the appellant, was summoned as a garnishee, on the ground that the widow of L. Richards had assigned to Arrington Simpson the said sum of $200, due by the appellant, Richards, to her as dower. These facts appearing, the justice rendered judgment against Richards, the garnishee, for the sum of $54 39, debt and costs, on which execution issued. Richards, the appellant, then filed a petition praying that Vermilion and Simpson might interplead, and for an injunction. The injunction was granted.

The foregoing are the facts of the case, as it appears from the proceedings in the cause. Arrington Simpson states in his answer, that before Richards was garnished at the suit of Vermilion, he had assigned the debt due from Richards to him, by virtue of the transfer of the widow Richards, to William and Moses Simpson. It does not appear that Richards, the appellant, had any notice of this fact at the time he was garnished or at any time afterwards. The court dismissed Richards' bill, from which decree he appealed to this court.

1. In the case of *Curling & Robertson* v. *Hyde*, 10 Mo. Rep. 375, this court held that no person, having his authority from the law, and obliged to execute it, according to the rules of law, can be garnished; that an administrator, therefore, was not subject to the process of garnishment. But in the same case, it was intimated that if, upon a settlement, an administrator had been adjudged to pay a sum of money, it might be garnished in his hands, in a suit against him in whose favor the judgment had been rendered. Indeed, we can see no objection to garnishing an administrator on a judgment rendered against him. There is no difference in principle between such a judgment and any other. The amount is liquidated;

it is payable absolutely, and the arresting of it in his hands can cause no more inconvenience in this, than in any other case. After an order on an administrator to pay a demand found due against the estate, it may be regarded as a personal liability, and not distinguishable from one due in his own individual character.

2. Richards, the administrator, had no notice of the alleged assignment to William and Moses Simpson. When debts are assigned which are evidenced by bond, bill, or note, the debtor is never at a loss to know to whom it shall be paid, as he is warranted in taking up the instrument, in whosesoever hands it may be found. But not so with regard to those *choses,* whose existence is not witnessed by any such instrument. Anybody may obtain a copy of a judgment, or may make out an account, and a debtor or trustee pays debts of this character at his peril to any other person than him who is really entitled to them. Hence, the modern English decisions have settled that, in order to constitute a valid assignment of a debt of this kind, notice must be given to the debtor, and if, without such notice, he should pay it to his original creditor, he will be protected in it. Or if, after an assignment, another in good faith should obtain a second assignment for the same thing, and first give notice of his equity, he will be preferred to the first assignee. The amount of the doctrine is, that the bare assignment of such a *chose* in action, does not pass it away, without notice of the fact to the debtor, who thereby is informed of the real holder of the debt. If notice of the assignment is not communicated, it enables the original creditor to commit a fraud, as he may assign a second time, and such assignee, although he may take the precaution of enquiring of the debtor, yet he cannot ascertain from him the fact of a previous assignment, as it has never been communicated to him. *Dearle* v. *Hall; Loveridge* v. *Cooper,* 3 Russ. 1. Story's Eq. 2, 1835, *a.* Then William and Moses Simpson, according to these principles, had no perfect title to the debt, by virtue of their assignment. In ignorance of their rights,

the debtor has suffered a judgment to be rendered against him for a portion of the debt, and he will be justified in paying it. Story's Conflict of Laws, § 403.

The other Judges concurring, the decree below will be affirmed.