STATE EX REL. SAMUEL W. WILLIAMS ET AL., Appellants, v. MOSES G. NETHERTON, ADMINISTRATOR; SOLOMON WILES ET AL., GARNISHEES, Respondents.

Kansas City Court of Appeals, May 23, 1887.

1. TRUSTS—DOUBTS AS TO MEANING OF INSTRUMENT—RIGHT TO HAVE JUDICIAL CONSTRUCTION.—Whenever there is a *bona fide* doubt as to

the *true meaning* and intent of the provisions of the instrument creating the trust, or as to the peculiar course which he ought to pursue, the trustee is always entitled to maintain a suit in equity, at the expense of the trust estate, and obtain a *judicial* construction of the trust instrument, and *directions* as to his conduct. Such directions he must faithfully obey, and if he does so, he will be relieved of all responsibility therefor. In such case the trustee constructively brings the fund into court, and submits the same to its control and direction. It then becomes and remains, *until final disposition*, subject to that jurisdiction.

2. —— TRUSTEE NOT SUBJECT TO GARNISHMENT AFTER BRINGING FUND INTO COURT—CASE ADJUDGED —Where, as in this case, at the time of service of process of garnishment on the trustee, he had brought the fund into court and submitted it to its control and direction, it was, in contemplation of the law, *in custodia legis ;* the fund was not subject to the process of garnishment. The proceeding by garnishment is *essentially legal*. It is not equitable. It can only "reach legal assets in the hands of third persons, or intercept legal credits owing to the defendant" (in the execution). Parties having knowledge of the trust fund being under the direction and control of the court, by the act of the trustee, must *intervene* in *that court* setting up their claim.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded with directions.*

Statement of case by the court.

The record in this case is quite voluminous ; but the facts, essential to a proper understanding of the issues, are substantially as follows . On the third day of April, 1877, P. S. Winn and wife gave a deed of trust on a large amount of real and personal property to Solomon Wiles, as trustee, to secure certain creditors therein named. On the breach of the conditions of this deed, the said trustee sold the property, pursuant to the provision of the trust deed. Being in doubt as to whom, and in what proportions, he should distribute the proceeds arising on such sale, he presented his petition to the Daviess circuit court, the proper jurisdiction over the subject matter and the parties, setting forth the facts, and praying the court for a construction of the

provisions of the deed, and its direction for the distribution of the said fund. All the parties in interest were duly brought before the court. The court, after hearing the proofs, held that the deed was not an assignment, as claimed by one or more of the alleged beneficiaries, but was a deed of trust, valid and subsisting. The decree then set out the respective interests and rights of the claimants thereunder, and ordered and directed the trustee to pay the same over to the distributees, as therein specified. Some of the distributees being dissatisfied with the order of distribution, appealed the case to the supreme court.

In the meantime, certain creditors (the plaintiffs herein) obtained a judgment in the circuit court of Livingston county against the maker of said deed of trust, for a large sum of money.

After the first named cause had been appealed to the supreme court, the plaintiffs in the Livingston circuit court judgment had execution issued thereon, directed to the sheriff of Daviess county, on which the said trustee was summoned as garnishee. The garnishee answered therein, setting up the facts aforesaid, stating the amount of the funds in his hands, and how he held the same, as also, the facts before stated, respecting the proceedings in the Daviess circuit court, and the pendency of the appeal to the supreme court.

The plaintiffs made reply thereto, alleging that the said deed of trust was fraudulent and void as to the plaintiffs, as the same was made to hinder and delay the creditors of said P S. Winn, and that the beneficiaries therein were privy to, and aiding in, the said fraudulent intent. The other parties to the deed were summoned.

While matters thus stood, the cause in the supreme court was decided, and is reported in 80 Mo. 47. Thereafter, the said trustee died, and the cause was revived against his administrators, and his successor in the trust, who had been appointed thereto by the Daviess circuit

court. The Daviess circuit court, on the appeal being taken from its judgment to the supreme court, ordered and directed the said trustee to loan out the funds in his hands, at the best rate of interest he could command, not longer than the time which the cause would probably remain in the supreme court, supposed to be about two years; and, further, to hold the money subject to the order of the court.

The administrator and new trustee appeared to the action in the Livingston circuit court, and made answer, setting up, substantially, the same facts as contained in the answer of the first trustee (one of them, perhaps, adopting that answer), and further setting up the fact that the supreme court had, in the meantime, finally decided the cause therein, on appeal, affirming the judgment of the Daviess circuit court, except as to the decree respecting some of the beneficiaries, and remanding the cause, with special directions to the Daviess circuit court to enter up judgment in conformity with the opinion of the supreme court.

The plaintiffs made reply thereto, setting up the same facts, substantially, which they pleaded to the former answer.

After hearing the proofs, the jury found the issues for the plaintiffs, and judgment was accordingly rendered against the garnishees for the amount so found in their hands, or loaned out by the trustee, under the order of the Daviess circuit court.

From this judgment the garnishees have appealed.

H. C. McDougal, Stephen Peery, and George Hall, for the appellants.

I. The *circuit court of Daviess county*, Missouri, had acquired jurisdiction of garnishees and defendants, as well as *the funds in the garnishees' hands* prior to the institution of proceedings in this cause, and *could not be divested* of such jurisdiction, nor could the *Liv-*

*ingston circuit court acquire* jurisdiction of said funds or parties by this garnishment proceeding, because said parties and funds were already in the custody of a *court of competent concurrent jurisdiction. Hardin v. Lee,* 51 Mo. 241 ; *Seibel v. Simeon,* 62 Mo. 255 ; *Merrill v. Lake,* 47 Am. Dec. 377 ( 16 Ohio, 373 ) ; *West v. Morris,* 2 Disney, 416 ; *Slate v. Railroad,* 3 Ohio State, 157 ; *Aldridge v. City of Polo,* 8 Bradw. (Ill.) 48 ; *Mason v. Piggett,* 11 Ill. 89 ; *Keating v. Spink,* 62 Am. Dec. 214, note 7, p. 244 ; *Hines and Hobbs v. Rowson,* 2 Am. Rep. 581 ; *Chapman v. James,* 23 Am. Rep. 412 ; *Wallace v. McConnell,* 13 Pet. [ U. S. ] 136 ; *Smith v. McIves,* 9 Wheat. 532 ; *Peak et al. v. Jennesse et al.,* 7 How. 612, o. p. 624–5 ; *Freeman v. Howe,* 24 How. 450, 457 ; *Bush v. Colbath,* 3 Wall. 334–341 ; Drake on Attachments [3 Ed.] sects. 619, 621, 625 ; *In re Cunningham,* 9 Cent. Law Jour. 208 ; Freeman on Executions, 204 ; *Young v. Young,* 2 Hill (S. C.) 426.

II.   Relator's denial of garnishee's answer, and the other pleadings in the case, do not state a cause of action against appellants.   There is no charge that the trustee in the deed of trust, or the beneficiaries in said deed, ever knew of, much less participated in, any fraudulent designs of the grantor in said deed, which fact they must plead and prove to entitle them to a recovery.   *Byrne v. Becker,* 42 Mo. 264 ; *Hardcastle v. Fisher,* 24 Mo. 70 ; *Pineo v. Hart,* 30 Mo. 561 ; *Shelley v. Boothe,* 73 Mo. 74 ; *Holmes v. Braidwood,* 82 Mo. 615 ; *Singer v. Goldenberg,* 17 Mo. App. 549 ; *Hausmann v. Hope,* 20 Mo. App. 193 ; *Gentry v. Robinson,* 55 Mo. 260.

III.   The court *erred* in giving the *instructions,* as prayed by appellees, and in refusing to sustain the appellants' demurrer to the testimony, or *first* instruction asked by the appellants ; for while there was but one deed of trust given, it was given to secure *separate and distinct* debts owned by different parties, and was equivalent to giving separate deeds of trust to the *several*

*creditors with the same trustee,* and the knowledge of, and participation in, the fraud by one creditor could have no effect on the rights of the others, who *did not know of, and participate in, the fraud,* and there was no evidence that *appellants knew of, or participated* in, any fraudulent design, and these instructions could have no application to those who did not participate in the fraud. In addition to the authorities cited in support of our second point, which we also rely upon in support of this, we also cite the following: *Ellis, Adm'r, v. Lamme,* 42 Mo. 153; *Mitchell v. Ladew,* 56 Mo. 526.

IV. The court erred in *refusing* to let witness, Stephen Peery, testify as to the conversation between himself and witness, P. S. Winn, as to the objects and purposes for which the deed of trust in controversy was made.

V. The fund was *in custodia legis,* and being in the hands of the officer of the court, was not liable, legally, to either seizure under execution, nor to the summary remedy of statutory garnishment. Freeman on Executions, sect. 129 and cases cited; *Martin v. Davis,* 21 Iowa, 535; *Curling v. Hyde,* 10 Mo. 237; Waples Att. and Gar. p. 218, sect. 5; *In re Cunningham,* 9 Cent. Law Jour. 208; *McPherson v. Snowden,* 19 Md. 196, and cases cited. While the *Daviess circuit court* and the supreme court recognized the right of the chosen officer of the former to manage and control a fund entrusted to its care, and call him, as the deed of trust does, a *trustee;* yet, from the fact that the former would have the same right to appoint a receiver to take charge of the fund, the difference between a trustee and receiver is not apparent, so far as the law is concerned. The possession of either is the possession of the court making the appointment. No suit, by which either is sought to be disturbed in his possession, or to charge either with any liability for an act omitted or performed by him as such officer, should be entertained in or by any other court, without *first obtaining the consent of the court* whose

officer he is. And so strict is the rule relating to re-
ceivers, that a party bringing such suit, without such
consent, may be *attached or enjoined for contempt.*
*Kennedy v. Railroad*, 3 Fed. Rep. 97, and cases cited ;
*Railroad v. Railroad*, 43 Vt. 792 ; *Taylor v. Baldwin,*
14 Abb. Pr. 166 ; *Dagroot v. Say*, 30 Barb. 483 ;
*Thompson v. Scott*, 3 Cent. Law Jour. 787.

GEORGE HALL and R. A. DeBOLT, for the respond-
ents.

I. Where a conveyance in trust is made in *fraud*
*of creditors*, the instrument is void, and *conveys no*
*title*, and the property is subject to *attachment or gar-*
*nishment ;* for, when such issue is raised and found in
favor of the creditors, no *trust exists.* *Lackland v.*
*Garesché*, 56 Mo. 267, 271 ; *McIlvain v. Smith et al.*, 42
Mo. 45, 58 ; *Armstrong v. Tuttle et al.*, 34 Mo. 432, 444,
445 ; *Doggett v. Insurance Co.*, 19 Mo. 201, 202, 203 ;
*Lee et al v. Tabor et al.*, 8 Mo. 322 ; Drake on Attach-
ments, sects. 523, 524, 598, 599, 600, 601. *If no trust*
*exists* where fraud is proven, then the funds in contro-
versy were not held *in custodia legis*, as the court ac-
quired no such control over them as to constitute such
custody. If there was no trust, the fund belonged, *in*
*fact*, to the defendant, P. S. Winn, and was subject to
garnishment by his creditors. The appellant cites no
case in which the issue of fraud was raised and found in
favor of the creditors, as in the case at bar, and in many
of the cases cited, the question was one of *jurisdiction*
between local and foreign courts, or the federal courts,
notably *Wallace v. McConnell* (13 Peters, 136). The cir-
cuit courts of the various counties of this state are courts
of the same jurisdiction, and it is only the courts of the
*different states*, and of the *United States*, that are re-
garded as *foreign tribunals.* *Wood v. Lake*, 13 Wis.
94, 102, 103.; *Bowne v. Jay*, 9 Johns. 221 ; *Wadleigh v.*
*Veazie*, 3 Sumner, 165 ; Drake on Attachments, sect. 619.

II. A debtor is liable to the *process of garnish-*

*ment* if the action is in such a situation that the garni-shee, if charged, can avail himself of the judgment in attachment *as a bar to a recovery in the action.*  Drake on Attachment [5 Ed.] sects. 617, 618, 620, 621; *Wood v. Lake*, 13 Wis. 102, 104; *Bowne v. Jay*, 9 Johns. *221; *Walsh v. Durkin*, 12 Johns. 99; *Wadleigh v. Veazie*, 3 Sumner, 165; *Horndike v. De Wolf*, 6 Pick. 120, 123, 124, side page; *Howell v. Freeman*, 3 Mass. 123, 124, side page; *Kidd v. Shepherd*, 4 Mass. 239, side page; *Lock v. Tippetts*, 7 Mass. 152, side page; *Smith v. Barker*, 10 Maine, 466.  The *garnishee in this case* could have easily availed himself of the judgment obtained against him in the Livingston court, by setting the same forth *in an amended pleading* in the Daviess court, as it was admitted on the trial that the same parties were defendants in both courts, consequently bound by the proceedings, and that no order, decree or judgment had been rendered by the Daviess court subsequent to the reversing and remanding of the case by the supreme court.

III.  As against *creditors* the participation of either the *trustee or beneficiaries* in a deed of trust in the fraud of the grantor is sufficient to avoid the deed. *Crow v. Beardsley*, 68 Mo. 439; *Byrne v. Becker*, 42 Mo. 268.  If it appears, from the attendant circumstances, that the beneficiary, as *preferred creditor*, participated in the fraud, by aiding the debtor or grantor in defeating other creditors, or in covering or locking up his property, or in giving him a secret interest therein, it is sufficient to avoid the deed.  *Shelley v. Boothe*, 73 Mo. 77; *Holmes v. Braidwood*, 82 Mo. 616; *Kolm v. Clement*, 58 Iowa, 589; *Butler v. White*, 25 Minn. 432; *Hausmann v. Hope*, 20 Mo. App. 197.  It is only where the trustee in a deed of trust is interested *as a creditor* that knowledge of, and participation in, the fraud of the debtor, must be brought home to him.

IV.  The *instructions* given for respondents are proper, and declare the law correctly.  The first one is

founded on the theory that, if P. S. Wynn, the grantor, *intended to defraud* his creditors, and that the beneficiaries, naming them, *knew of, and participated* in, such fraudulent design, *then the deed was fraudulent in law.* This fully complies with the law as laid down in *Shelley v. Boothe* (73 Mo. 77), and *Holmes v. Braidwood* (82 Mo. 616). *Hausmann v. Hope*, 20 Mo. App. 197. *None of the appellants* were named in the deed of trust as beneficiaries. The only persons named therein as third parties or beneficiaries, were Eldon Payne, Henry J. Witten, William Harding, Joseph R. Palmer, Melvina Wynn, John Wynn, Martin B. Garvin, Wm. H. Curren and Wm. Robinson, and the evidence shows, conclusively, that Payne, Witten, Harding and Palmer were paid off in full, prior to the commencement of the proceedings herein. *There was no substitution or novation of* parties by which the appellant, Union Bank, and other defendants succeeded to the rights of the beneficiaries.

V. The court properly *refused* to let the witness, Stephen Peery, testify, *without the consent of his client,* concerning communications made to him by his client, P. S. Wynn, in regard to the objects and purposes of the deed of trust, while the relation of attorney and client existed. Rev. Stat., sect. 4017. Peery testified : "I·was employed by P. S. Wynn as attorney to draft the· deed in controversy and did write it for him. Had several conversations with Wynn in relation to the making of the deed of trust before it was made." His evidence shows *conclusively* that the relation of attorney and client existed at the time of the communications in regard to the object of the deed were made;·consequently, he was incompetent to testify, without the consent of his client *first obtained. Cross v. Riggins*, 50 Mo. 335.

VI. The *circuit court in its original decree* gave all the money in controversy to three parties : to R. A. DeBolt, as assignee of Melvina Wynn, fifteen hundred

dollars, William Robinson $897.46, and. to R. C. Williams $1,227.03. By this disposition of the funds the court determined that the Union Bank and the other defendants *were not entitled to anything in that proceeding.* If the *appellate court* intended to reverse only that part of the judgment giving Williams the sum of $1,227.03, to whom does that money belong? They fail to state in their decree. It is left by the decision wholly undisposed of. Under this state of uncertainty to whom was the circuit court to give that money? If the rule is inflexible, that the lower court *can do nothing except follow the direction of the appellate court,* and record its decree, then the direction should be clear and definite, so as to relieve the trial court from embarrassment. The mandate was issued in October, 1883; the case at bar was determined in July, 1886; yet the Daviess court had made no order or decree under the mandate, prior to the trial of this cause in the Livingston court, when the deed was proven to be fraudulent. It is only reasonable to presume that the *uncertainty of the decision,* or direction, of the *appellate court* was the cause of this delay.

PHILIPS, P. J.—Should this judgment be affirmed, it occurs to me that the situation of the trustee, who stands as an indifferent party to the controversy among the creditors, would be one of singular embarrassment. He was no party to the imputed fraud. Having sold the property conveyed to him, as a mere trustee, conformably to the provisions of the deed, and being in doubt as to how and to whom he should pay and apportion the proceeds, he took the customary, and only safe, course, in such conjuncture, by filing his bill in equity, within the proper jurisdiction, bringing before the court all the parties to the instrument, praying the court to construe the same, and direct the. manner of distribution.

Such matters belong exclusively to the equity side

of the court. "Wherever there is any *bona fide* doubt as to the true meaning and intent of the provisions of the instrument creating the trust, or as to the peculiar course which he ought to pursue, the trustee is always entitled to maintain a suit in equity, at the expense of the trust estate, and obtain a judicial construction of the trust instrument, and directions as to his own conduct. Such directions he must, of course, faithfully obey, and if he does so he will be relieved from all responsibility therefor." 2 Pom. Eq., sect. 1064.

In such case the trustee, constructively, brings the fund into court, and submits the same to its control and direction. It then becomes and remains, until final disposition, subject to that jurisdiction. The record in this case shows that the Daviess circuit court found and determined that the instrument was "a valid and subsisting deed of trust," and directed the manner of distribution.

Some of the distributees being dissatisfied with the order of apportionment, appealed to the supreme court. Thereupon the circuit court made a supplemental order directing the trustee, *pendente lite*, to loan out the money in his hands at the highest rate of interest attainable, and to await the further order of the court. So that, at the time of the service of process of garnishment on the trustee, this fund must be held to have been, constructively and in contemplation of law, *in custodia legis*. *In re Cunningham*, 9 Cent. Law Jour. 208, and citations. At this stage of the history of the cause the plaintiffs had the trustee summoned as garnishee on an execution issued on a judgment in the Livingston circuit court, in their favor, against the mortgageor. During the pendency of the cause in the supreme court the trustee died, and the cause was duly revived against his successor in the trust, and his administrator. And during the pendency of the proceeding under garnishment, the cause in the supreme court was decided, affirming the judgment of the circuit court

of Daviess county, except as to its finding respecting two of the distributees; and the case was remanded, with special directions to the circuit court to enter up judgment in accordance with the opinion of the supreme court. In such case the circuit court has no discretion left it, and no power to take other action in the cause, than that ordered by the mandate of the supreme court. *Conner v. Pope*, 23 Mo. App. 344, and citations.

What situation would this leave the trustee in should the judgment of the Livingston circuit court be now affirmed? He would be subject to two judgments for the payment of the same sum of money to different parties, without any fault, negligence, or omission of duty on his part. Having rightfully submitted himself and the trust fund first to the unquestionable jurisdiction of the Daviess circuit court, he could do no more in his answer to the garnishment than he did, which was to set up the facts, and look to the court for proper protection. Being, in effect, *in custodia legis* the fund was not subject to the trustee process. Authorities *supra*. This doctrine is applicable to a trustee appointed by the court. *Bentley v. Shrieve*, 4 Md. Ch. 412. And I am unable to perceive why it should not be to the instance of a trustee who comes rightfully into a court of equity and submits the fund for its direction and order of distribution.

It was held in *Curling v. Hyde* (10 Mo. 374), that an administrator, or other person holding effects in a fiduciary capacity, subject to the order and control of the court, was not subject to garnishment therefor. In *Richard v. Griggs* (16 Mo. 416), this rule was so far limited as to subject such trustee to garnishment for the fund in his hands, after the final order of distribution by the court. It then became a personal liability of the administrator, not distinguishable, in its legal quality, from one due in his individual capacity. But it must be kept in mind, that there the fiduciary was garnished on a debt owing by the designated distributee to the judg-

ment creditor, while in the case at bar the judgment creditor had no judgment against the distributee under the order of the Daviess circuit court. But the judgment creditor was seeking, by the garnishment proceeding, to reach and follow a trust fund in the hands of a stranger to his judgment, who had been adjudged by another court of the state, of competent jurisdiction, to be entitled to it against the debtor of the garnishing creditor.

The proceeding by garnishment is essentially legal. It is not equitable. It can only "reach legal assets in the hands of third persons, or intercept legal credits owing to the defendant" (in the execution). *Atwood v. Hale*, 17 Mo. App. 88; *Lackland v. Garesché*, 56 Mo. 270; Freeman on Executions, 159. As one blunder brings on another, the trial court, perceiving the irregularity of determining the validity of a deed of trust, upon which depended the right of recovery by the plaintiffs in the garnishment proceeding, in the absence of the beneficiaries to that instrument, got over on the equity side of the court, and undertook to bring into this naked statutory proceeding all of the parties connected with the deed of trust, either as parties or privies thereto, and to determine and adjust their respective claims and interests. And, then, in one sweeping instruction, submitted this whole matter, part in equity and part in law, to the determination of the jury. And then the verdict of the jury was permitted to stand, finding the deed of trust void as to all the beneficiaries thereunder, when there was not one particle of evidence, as to some of the beneficiaries, that they took with notice of the alleged fraudulent intent of the grantor, and participated therein.

The proceedings in the Livingston circuit court could not have the effect to divest the jurisdiction of the Daviess circuit court, after the latter had first rightfully attached. *West v. Morris*, 2 Disney, 415. Certainly it could not arrest the operation of the judgment of the

first court. And when that judgment was passed upon by the supreme court, and its peremptory mandate left the circuit court of Daviess county no duty to perform but to carry out its directions, which was to pay over the fund to other parties, no action, or judgment, of the Livingston court could exempt the trustee from his obedience to the first judgment. I know of no precedent or authority for a judgment debtor, in such case, to off-set the first judgment with the later one. That would be reversing the order of precedence, and the maxim, "*qui prior est tempore, potior est jure*." Such a proceeding is calculated to produce irreconcilable conflicts between corresponding jurisdictions, as well as the grossest injustice to a party sustaining the relation of a trustee, or mere stake-holder.

It is quite clear, from the facts developed in this case, that the plaintiffs had knowledge of the proceeding in the Daviess circuit court. They could have presented an intervening petition therein, setting up their claim. They should have attacked, in that court, the deed of trust. The court, in the exercise of its equity powers, could have untangled the web of fraud, and determined the rights and interests of all the parties concerned, and administered complete justice on the comprehensive rules of equity jurisprudence. *Pendleton v. Perkins*, 49 Mo. 565; *Thompson v. Scott*, 4 Dill. 508; *Freeman v. Howe*, 24 How. 460.

Whatever was the remedy of the plaintiffs, we are clear that, under the circumstances and conditions of this case, when the garnishment was served, and the judgment rendered therein, the trustee was not subject to such process.

The judgment of the circuit court is, therefore, reversed, and the cause remanded, with directions to discharge the garnishees and dismiss the action. All concur.