BANK OF ODESSA, Appellant, v. MARY M. BARNETT et al., Defendants, LOU BELLE LITTLEJOHN et al., Garnishees, Respondents.

Kansas City Court of Appeals, March 2, 1903.

Garnishment: LAW: EQUITY: TRUST FUND. Garnishment under execution is a statutory proceeding at law and can not be substituted for a proceeding in equity as where the garnishee owes the defendant in the execution as an agent or trustee with certain charges on the fund so owed.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*N. M. Houx* and *Wm. H. Chiles* for appellant.

The court below seems to have held that the fund in controversy was a trust fund, and therefore could not be reached by the statutory garnishment evoked, but only by an equitable garnishment. These two methods of reaching a delinquent debtor's money accomplish the same thing, the equitable proceeding being usually a proceeding after a return of *nulla bona* upon execution, and such equitable proceeding is still statutory. We have no such statute in Missouri, and our ordinary garnishment or trustee process is as a general thing an ample remedy, as it is the only remedy. Giest v. St. Louis, 156 Mo. 643; Stevenson v. McFarland, 162 Mo. 159.

*John S. Blackwell & Son* for respondent.

The contention of the appellant that our ordinary garnishment statute is an ample remedy in all cases of garnishment proceedings is not the law of our State. Appellant's contention is not supported by the authorities cited. The proceeding by our ordinary or statutory garnishment on execution is essentially legal. It is not equitable. Lackland v. Garesche, 56 Mo. 267; Atwood v. Hale, 17 Mo. App. 88; State ex rel. v. Netherton, 26 Mo. App. 426; Stagl v. Stagl, 81 Mo. App. 620; Sheedy v. Bank, 62 Mo. 24; Freeman on Executions, section 159; Waples on Attachment, pages 195, 201 and 202.

ELLISON, J.—The plaintiff held a note against defendants Mary M. and George A. Barnett, her son, on which it obtained judgment. Execution was issued and the garnishees herein were garnished. Issues were made up on their answer and the trial court gave judgment against the plaintiff bank.

It appears that defendant Mary is a widow and was about seventy-four years old at the time of the trial.

There was an eighty-acre tract of land left by her deceased husband which with sixty acres in other tracts were set off to her as dower. Opportunity offering for a sale of the eighty acres, it was agreed (in writing) between her and the heirs, that they would sell the land, including her life dower therein, for the net sum of $3,300. The agreement was, in short, that she should hold this purchase money in trust during her life and have for her own use the interest thereof, she to account to the heirs for the principal; the effect of which may be said to be that she gave up her life estate in the land and accepted the keeping of the sale money thereof for the heirs, she to have the interest until her death, when the principal sum was to be divided among the heirs, the defendant, George, being entitled to one-seventh. Eight hundred dollars of this money was loaned to the garnishees herein for five years at seven per cent interest, the note being made payable to J. W. Prince who indorsed it without recourse to "Mary M. Barnett, agent and trustee."

The garnishees filed separate answers denying any indebtedness to defendants. The plaintiff then denied such answers and set up that defendant Mary M. had placed the money received for the land in bank deposited to her credit as agent and trustee and that she bought the note aforesaid and had it indorsed to her as agent and trustee for the purpose of cheating, hindering and defrauding this plaintiff. There was no evidence to support the charge of fraud on the part of defendant Mary and the case is therefore left to be considered unembarrassed by that consideration.

An ordinary garnishment under an execution (as in this case) is a statutory proceeding at law. It is evident that what plaintiff seeks to have done requires a proceeding much more comprehensive and elastic than a mere legal proceeding by garnishment on execution. Plaintiff is endeavoring to substitute the purely legal process of statutory garnishment for a proceeding in

equity.   We are satisfied that the debt can not be collected in that way.   Lackland v. Garesche, 56 Mo. 267; Sheedy v. Bank, 62 Mo. 17; Atwood v. Hale, 17 Mo. App. 88; State ex rel. v. Netherton, 26 Mo. App. 426.

The garnishees owe the defendant Mary, as trustee, $800.   That sum belongs to the heirs of her husband with a right in her to draw the interest thereon from year to year as long as it may be loaned and she lives. In such situation how are the garnishees to protect themselves, or absolve themselves from further concern by paying what they owe the defendants in the execution, as the statute provides they may do?   The nature of the case suggests that it can not be adjusted in this proceeding; and so the instructions asked by plaintiff seem to demonstrate that it can not.

We think the ruling of the trial court was proper and therefore affirm the judgment.   All concur.