THE MISHAWAKA WOOLEN MANUFACTURING COMPANY, Respondent, v. W. H. POWELL Trustee in Bankruptcy, Appellant.

Kansas City Court of Appeals, March 2, 1903.

1. **Bankruptcy: UNITED STATES DISTRICT COURTS: JURISDICTION: CUSTODIA LEGIS.** The purpose of the national bankrupt act is to discharge insolvent honest debtors from their obligations and distribute among their creditors the money arising from the sale of their property, and the district courts of the United States are vested with broad and comprehensive jurisdiction to this end which they exercise through the various officers named in the act; and property coming into the hands of such officers, who are but the arms of the court, is *in custodia legis.*

2. ———: ———: ———: **COMITY.** Comity between courts is necessary for the prevention of scandals from conflicting jurisdiction and to promote the decent and orderly administration of justice; and so where one court acquires jurisdiction of the subject-matter, another court possessed of concurrent jurisdiction will not interfere, since the court having the *res* in charge has jurisdiction to pass upon the rights and claims of all persons interested in the property. (Mohr v. Longan, 162 Mo. 474, distinguished.)

3. **Trial Practice: REMEDY: CUSTODIA LEGIS.** A party claiming the property *in custodia legis* should intervene in the court exercising such custody.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

REVERSED.

*Sangree & Lamm* for appellant.

(1) The property in question, having been reduced to the actual possession of the Federal court and there held by its order, at first by its receiver, and then by its trustee, which court was proceeding to sell the same as part of the bankrupt's estate to pay claims allowed against said estate in that court, was *in custodia legis,* and being so held was not subject to the process of any other court not having supervisory or appellate jurisdiction over said bankrupt court. State ex rel. v. Netherton, 26 Mo. App. 414; Bentley v. Shrieve, 4 Md. Chancery R. 412; Bank v. Owen, 79 Mo. 429; State ex rel. v. Six, 80 Mo. 61; State ex rel. v. Boothe, 68 Mo. 546; Patterson v. Stephenson, 77 Mo. 329; Marx v. Hart, 166 Mo. 503; Green v. Tittman, 124 Mo. 372.    (2) And the root and source of said doctrine is in the decisions of the Supreme Court of the land, which holds that such comity between courts is essential to the prevention of scandals from unseemly conflicts of jurisdiction, and necessary to promote the decent and orderly administration of justice.    Hagan v. Lucas, 10 Peters 400; Carryl v. Taylor, 61 U. S. (20 Howard) 583; Freeman v. Howe, 65 U. S. (24 Howard) 450; Buck v. Cobath, 3 Wall. 334; Porter v. Sabin, 149 U. S. 473; Shields v. Coleman, 157 U. S. 168.    (3) And it is a doctrine self-evidently and peculiarly applicable to bankruptcy proceedings and the same is universally applied there —the decisions all going to the extent of holding that the jurisdiction of the bankrupt court, under the circumstances of our case, is exclusive, not only because of the theory, aforesaid, but because of the peculiar terms of the bankrupt act, itself.    In re Cunningham, 9 Cent. Law Journal 208, and cases cited; In re Anderson, 23 Fed. 482; In re Smith, 92 Fed. 135; In re Francis-Valentine Co., 93 Fed. 953; In re Richard, 94 Fed. 633; Kreegan v. King, 96 Fed. 758; In re Cobb, 96 Fed. 821; In re Endl, 99 Fed. 915; In re Chambers,

Calder & Co., 98 Fed. 865; In re Wells, 114 Fed. 222; Bryan v. Bernheimer, 181 U. S. 188; In re Tune, 115 Fed. 906; White v. Schloerb, 178 U. S. 542. (4) A claimant of property *in custodia legis* must intervene in the court having possession of the property. State ex rel. Netherton, 26 Mo. App. 414; Metzer v. Graham, 57 Mo. 404; Carter v. Hobbs, 92 Fed. 594; In re Copenhaver, 118 Mo. 377. (5) Bankruptcy proceedings are held to be proceedings *in rem*. Thornton v. Hogan, 63 Mo. 143; Carter v. Hobbs, 92 Fed. 594; Reed v. Vaughn, 10 Mo. 447; In re Columbia Real Estate Company, 101 Fed. 965; Hays v. Ford, 55 Ind. 52.

*G. W. Barnett* and *E. C. White* for respondent.

(1) Under the statutes of the State, replevin will lie where the defendant wrongfully detains plaintiff's personal property, without regard to how defendant got possession, or in what capacity he is holding it, unless it has been seized under some process, execution or attachment against the property of plaintiff. R. S. 1899, sec. 4463. (2) Plaintiff's property is not *in custodia legis,* so as to defeat the action of replevin, where it has come into the hands of an officer in a proceeding to which plaintiff is not a party. Whatever may be the law in other jurisdictions, this is clearly the law in Missouri. Mohr v. Langan et al., 162 Mo. 474; Over-ruling Bank v. Owens, 79 Mo. 429; Winn v. Madden, 18 Mo. App. 261; Criley v. Vasel, 52 Mo. 445; Bradley v. Holloway, 28 Mo. 150; Railway v. Castillo, 28 Mo. 379; Boot & Shoe Co. v. Bain, 46 Mo. App. 581. (3) But the property in this case was not in the custody of the law; it was not in the custody of any court. While the referee in bankruptcy is an officer of the court, the trustee is not, but is selected by the creditors. Section 44, Bankrupt Act. The strongest case cited by appellant, White v. Schloerb, 178 U. S. 542, recognizes this distinction, and calls especial attention to the fact, that

the property was still in the hands of the referee, who
is an officer of the court, and had not yet been turned
over to the trustee.    This same distinction is recognized
in the Nugent case, 184 U. S.    (4) The defendant, as
trustee, had no greater rights or better title to the prop-
erty in question, than the bankrupt had.    The trustee
took only a defeasible title of the bankrupt, as the
plaintiff could have recovered the property from Huys-
sen & Holm, he can not recover from the trustee.    Don-
aldson v. Farwell, 93 U. S. 631; Fletcher Estate v.
Morey, 2 Story 555, 9 Fed. Case 266; Field v. Baker,
12 Blatchf. 438, 9 Fed. Case 9; In re Conner, 112 Fed.
666; Cook v. Tullis, 18 Wall. 332; Hawkins v. Blake,
108 U. S. 422; Yeatman v. Sav. Inst. 95 U. S. 764;
Windsor v. McLellan, 2 Story 492; Safford v. Burges,
21 Fed. Case 145; Ex parte Newhall, 2 Story 360;
Mitchell v. Winslow, 2 Story 630.

SMITH, P. J.—This is an action of replevin to re-
cover certain personal property consisting of men's
knit, felt and rubber boots.    The plaintiff is a manu-
facturing company incorporated under the laws of the
State of Indiana.

The cause was submitted to the circuit court upon
an agreed statement of facts which was to the effect:
(1)    That Huyssen & Holm were partners engaged in
the boot and shoe business in this State; that they pro-
cured the goods described in the plaintiff's petition on a
written order in which, amongst other things, it was
recited that, "the title and property in all the goods
herein mentioned shall remain in the vendor until fully
paid for or sold in due course of business by the buyer,
and if payment for the same shall not be promptly made
when due, or, if at any time before the same shall be
fully paid for or sold in the due course of business by
the purchaser, the purchaser shall become insolvent or
shall, in the opinion of the vendor, be in danger of in-
solvency, or the vendor, in its judgment, shall for any

reason whatever deem itself in danger of losing the price of said goods, then the vendor may at its option reclaim and take possession of so much of said goods as shall then remain in the hands of the purchaser unsold.'' The order with the foregoing condition incorporated therein was not acknowledged and recorded as required by section 3412, Revised Statutes. (2) That the goods described in said order were delivered to Huyssen & Holm, and part of them sold and delivered to customers prior to the time when they made application to become voluntary bankrupts. (3) That Huyssen & Holm filed their petition in the District Court of the United States for the Western District of Missouri to be adjudged bankrupts and were so adjudged December 1, 1901. (4) That prior to the adjudication in bankruptcy the defendant was appointed by said United States District Court as receivers of the stock of goods and of the assets of Huyssen & Holm, to preserve the same under the Federal Bankrupt Act, and said goods in dispute, with the other goods, wares and merchandise in their possession, were turned over to him as such receiver by Huyssen & Holm. That afterwards, by its proper order, this defendant was appointed trustee of the estate of said bankrupts by said court; that as such receiver, he took possession of all the stock of goods, wares and merchandise in the possession of Huyssen & Holm, including what remained of the goods delivered by plaintiff to said Huyssen & Holm, claiming them as a part of the bankrupt estate, and that upon being appointed trustee (under the Bankrupt Act) of said estate, he turned over to himself all of said goods, wares and merchandise, and cease to hold them as received, and from thenceforward held them as trustee and claiming them as belonging to the bankrupt's estate and as subject to disposition under the Bankrupt Act under the orders of said United States District Court. That afterwards, he had all said goods inventoried and appraised as part of the estate, and that afterwards the

said United States District Court ordered all said goods, including the goods claimed in this proceeding, sold as part of the bankrupt's estate, to pay claims allowed against the estate, and, in pursuance of said order of sale, bids were advertised for and afterwards, on the 6th day of January, 1902, when said bids had been opened and said sale about to be consummated, the defendant was served with a writ of summons and order of delivery in this cause, summoning him to appear and answer the plaintiff's petition that day filed in the circuit court of Pettis county, Missouri. Thereupon, it was by the parties hereto, agreed that the defendant might sell the goods replevined and the proceeds thereof should remain in lieu of said goods in the hands of the trustee to await the determination of this suit.

Upon the facts agreed the finding and judgment was for the plaintiff; and after an unsuccessful motion for a new trial, the defendant appealed.

The defense pleaded and relied on by the defendant in his answer was, that at the time of the commencement of the action the property, the possession of which it was thereby sought to recover, was in the custody of the law and under the control of the United States District Court, and that therefore the State court in which the action was brought was without jurisdiction. And so the question thus presented is, whether or not the replevined property was *in custodia legis,* or whether or not such property may be taken from the custody of the trustee under the writ of replevin issuing out of a State court?

Whether or not the property at the time was *in custodia legis* must be determined with reference to the Bankruptcy Act of 1898. By section 2 of that act, the district courts of the United States are made courts of bankruptcy with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, to adjudge persons bankrupt; to allow and disallow claims against bankrupt estates; .

to appoint receivers to take charge of the property of bankrupts after the filing of the petition and until the trustee is qualified; to cause the estates of bankrupts to be collected, reduced to money and distributed, and to determine the controversies in relation thereto; and to appoint and remove trustees, etc., etc. By subdivision b of section 50, trustees after their appointment, are required to give bond conditioned the same as that required of referees. Such trustees are officers within the meaning of the Bankrupt Act (section 1, subdivision 18). By section 47, amongst other duties enjoined on trustees, is that to collect and reduce to money the property of the estate of which they are trustees, under the direction of the court, and to report to the court in writing the condition of estates and the amounts of money on hand, and such details as may be required by the court, etc. By section 70, the trustee of an estate upon his appointment and qualification is vested by operation of law with the title to the property of the bankrupt as of the date he was adjudged a bankrupt and with that to property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon or sold under judicial process against him, etc.

It will be seen from an examination of the various sections of the Bankrupt Act that a scheme is therein provided whereby the estate of a bankrupt is by the United States district courts, through the various officers named in the act, to be taken into custody and fully administered by it for the benefit of all the creditors proving their claims in accordance with their respective rights and privities. The several officers therein named who, under the orders and directions of the court, are to conduct the administration of such estates, are but the arms of the court to be used by it in effectuating and carrying out the scheme so provided by the act. The manifest purpose of the act was to provide for the discharge of honest debtors, who have become insolvent,

from their obligations, and for the distribution among their creditors of the money arising from the sale of their property. To accomplish this double purpose, the district courts are by the act invested with a very broad and comprehensive jurisdiction. Under the act, none of the officers therein named can, during the administration of the bankrupt's estate, take a step in respect to it without the direction or approval of the bankruptcy court. Whether the officer in custody of the property of the bankrupt be a marshal, receiver, trustee, or what not, such custody is that of the court whose representative and substitute he is, so that it will not do to say that the property of the bankrupt in process of administration is not in the custody of the court.

Here, it appears from the facts agreed that the defendant as receiver of the bankrupt's estate under an order of the district court, took possession of the property of the bankrupts, including that in issue, and later on, when appointed trustee of the estate of the bankrupts, the title to such property, by operation of law, passed to him as such trustee, to be administered under the direction of the court for the benefit of creditors, so that it was *in custodia legis*. When property is *in custodia legis*, the officer holding it is the mere hand of the court: his possession is the possession of the court, and to interfere with his possession is to invade the jurisdiction of the court. Many cases might be cited illustrating the application of this doctrine.

Keegan v. King, 96 Fed. Rep. 758, was where a trustee had possession of certain fixtures scheduled by the bankrupt and had advertised the personal property of the bankrupt, including the fixtures, for sale, and a stranger brought a suit in the State court to restrain the trustee from selling the fixtures and to establish the title to the property against the trustee. In the course of the opinion of the court disposing of the case it was said: "After this court has taken possession of property through its receiver and trustee as the prop-

erty of the bankrupt and has retained the actual and continuous possession of the same from a time long anterior to the commencement of the suit in the State court, is it competent for parties who claim to be the owners of the property so in the actual custody and possession of this court to maintain a suit in a State court for the purpose of settling the title and enjoining the officer of this court from proceeding to the disposition of such property? The statement of the question would seem to carry its own answer. This court being in possession of the property in controversy, has the exclusive right to determine all conflicting claims as to the title and right of possession of the property so in its custody (citing Freeman v. Howe, 24 How. 450, and Buck v. Colbath, 3 Wall. 334). . . . The moment that an adjudication in bankruptcy has been made, the title to all the property of the bankrupt as of that date passes to the person who is subsequently chosen trustee. From the time of the adjudication the property of the bankrupt is in the custody and control of the bankruptcy court. From the time such property by the adjudication in bankruptcy comes into the custody of the bankrupt court it is *in custodia legis,* and that court will not permit any person, even though he be an officer of the State court acting under its process, to interfere with the custody or possession by the bankrupt court or its officers of the property then in custody. And it does this upon the same principle as the bankrupt court refuses to interfere with a levy lawfully made by a sheriff under process of a State court prior to the adjudication in bankruptcy, or refuses to interfere with the possession of a receiver previously appointed by a State court, or any other officer acting under authority conferred prior to the adjudication.''

White v. Schloerb, 178 U. S. 542, was where, after the referee had taken possession of the stock of goods in the store of the bankrupts and had caused the entrance to it to be locked up, a writ of replevin of some

of the goods was sued out of a State court and was executed by a sheriff forcibly entering the store and taking possession of the goods. The plaintiffs in the replevin claimed that the bankrupts had purchased and obtained the goods from them by false and fraudulent representations on which they relied, and that before suing out the writ they had elected to rescind and had demanded the return of the goods of the bankrupts. In the opinion of the court it is, *inter alia,* said: "The goods were in the lawful possession of and custody of the referee in bankruptcy and of the bankruptcy court whose representative and substitute he was. Being thus in custody of a court of the United States, they could not be taken out of that custody upon any process from a State court. . . . After an adjudication in bankruptcy, an action of replevin in a State court can not be commenced and maintained against the bankrupt to recover property in the possession of and claimed by the bankrupt at the time of that adjudication and in possession of the referee in bankruptcy at the time when the action of replevin is begun."

And so it has been adjudged that property taken and held by a marshal on a writ of attachment from a court of the United States directing him to attach the property of one person could not be taken from his possession on a writ of replevin on behalf of *another person* who claimed the attached property as his own. Freeman v. Howe, 24 How. 450; Peck v. Jones, 7 How. 612; Buck v. Colbath, 3 Wall. 334; Covell v. Heyman, 111 U. S. 176; Nugent's case, 118 U. S. And similar rulings have been made in the following cases: Kirk v. Kane, 87 Mo. App. 274; State ex rel. v. Netherton, 26 Mo. App. 414; Smith v. Railroad, 151 Mo. 391; Marx v. Hart, 166 Mo. 503; Green v. Tittman, 124 Mo. 372; State ex rel. v. Six, 80 Mo. 61; Bank v. Owen, 79 Mo. 429. And this comity between the Federal and State courts is necessary to prevent scandals from unseemly conflicts of jurisdiction and to promote the decent and orderly adminis-

tration of justice.  Hagan v. Lucas, 10 Peters 400; Carryl v. Taylor, 61 U. S. (20 How.) 583; Freeman v. Howe, 65 U. S. (24 How.) 450; Buck v. Colbath, 3 Wall. 334; Porter v. Sabin, 149 U. S. 473; Shields v. Coleman, 157 U. S. 168.

The Bankruptcy Act is the supreme law of the land enacted in pursuance of an express grant of constitutional authority and all matters embraced in that act must be controlled and governed by it.    The jurisdiction given by the second section of it to the district courts in bankruptcy proceeds is necessarily exclusive. · And this seems to be the result of the authorities to which we have been referred by appellant.    In re Cunningham, 9 Cent. Law Journal 208, and cases cited; In re Anderson, 23 Fed. Rep. 482 (pp. 489-490, 495 and post) ; In re Smith et al., 92 Fed. Rep. 135; In re Francis-Valentine Co., 93 Fed. Rep. 953; In re Richard, 94 Fed. Rep. 633; Kreegan v. King, 96 Fed. Rep. 758; In re Cobb, 96 Fed. Rep. 821; In re Endl, 99 Fed. Rep. 915; In re Chambers, Calder & Co., 98 Fed. Rep. 865; In re Wells, 114 Fed. Rep. 322; Bryan v. Bernheimer, 181 U. S. 188; In re Tune, 115 Fed. Rep. 906.

The sale under which the bankrupts acquired the possession of the property in controversy was conditional.    If the plaintiffs did not pay for the property the title was not to pass except to so much thereof as was sold by the bankrupts in the due course of business. The bankrupts had the power to transfer the same and it may be that such property while in their possession was subject to be levied upon and sold under judicial process against them, and it may, too, be that under the provisions of section seventy of the Bankruptcy Act the title to such property passed to the trustee.    Carter v. Hobbs, 92 Fed. Rep. 594; and it may also be that such conditional sale was, as to creditors, void under our statute.    R. S. sec. 3412; Collins v. Wilhoit, 108 Mo. 451; Landis v. McDonald, 88 Mo. App. 335.    But the determination of these questions in a case like this falls

within the exclusive jurisdiction of the bankruptcy court. That court has the exclusive jurisdiction to determine the title to the goods as between the trustee and the plaintiffs, and that jurisdiction can not be invaded and overthrown by the action of replevin begun in the State court. Whether or not we apply the doctrine of *in custodia legis,* or adopt the theory that the jurisdiction of the matter is exclusively within the bankruptcy court, the result would be the same; for under either view the judgment was for the wrong party.

But it is contended that under section 4463 Revised Statutes the property was not *in custodia legis* but if this contention be conceded, still, the plaintiff was not entitled to recover because of the exclusive jurisdiction of the bankruptcy court of the question of title which it was sought to have determined by the State court in the action of replevin. We do not understand that the statute just referred to has overthrown the rule of comity prevailing between two courts exercising even concurrent jurisdiction where one of them has acquired jurisdiction of the *res* by a proceeding *in rem* before it, or where the property is in its custody through one of its officers. It is true that since the ruling of the Supreme Court of this State in Mohr v. Langan, 162 Mo. 474, it has been authoritatively settled that as to parties to a replevin suit or their grantees or privies, the property is *in custodia legis* pending the determination of that suit and can not be sold by the party in possession or levied upon by either party or their privies, but that as to third 'persons the pendency of the replevin suit does not place the property *in custodia legis* and does not bar their right to proceed against it by proper judicial process to establish their rights. But the application of this rule can not be appropriately invoked in a case like this. The property here was not placed in the possession of the trustee of the bankrupts' estate by an officer under a writ of replevin. His possession was acquired under the Bankrupt Act and is a proceeding authorized

by it.   Property of the bankrupt when in the custody of
the bankruptcy court through its trustee is *in custodia
legis* and remains so until it is disposed of under the
orders of that court, and can not be interfered with
or taken out of its custody on process issued by a State
court in an action brought by third persons claiming
title to it.   The statute relating to replevin confers no
authority upon any State court to issue its process of
replevin and thereby authorize its sheriff to invade the
jurisdiction of a bankruptcy court and there capture
property and withdraw it from the custody of that court.
To allow this would lead to consequences incompatible
with the direct and orderly administration of justice.

The general rule is that where one claims property
*in custodia legis* he must intervene in the court having
the custody of it.   State v. Netherton, 26 Mo. App. 414;
Metzner v. Graham, 57 Mo. 404; Carter v. Hobbs, ante.
And no reason is seen for a departure from this rule of
practice in the present case.

It follows that the general finding of the court upon
the facts agreed was erroneous, and accordingly the
judgment will be reversed.   All concur.